(89 South. 278)

## COCHRAN v. STATE. (6 Div. 285.)

(Supreme Court of Alabama. May 19, 1921.)

1. Taxation 493(3)—Appeal "taken" when bond filed.

An appeal from a county board of revenue to the circuit court, under the Murphree Act, §§ 104, 108, is "taken," as respects the limitation of appeals to 30 days after the board's final decision, when the appealing taxpayer's bond is given by him and filed in the circuit court and approved by the clerk of that court.

2. Evidence 16—Judicial notice taken of abbreviation of dates.

The court judicially knows that "10/9/20" is an abbreviation in common use, and indicated October 9, 1920.

---

**3. Taxation ☞493(3)—Time ☞9(8)—Appeal from board held timely.**

Where decision adverse to a taxpayer was rendered by a county board of revenue on September 9, 1920, an appeal taken October 9th was within the 30-day period required by the Murphree Act, §§ 104, 108; and although the indorsement of the taxpayer's bond by the clerk, "Taken and approved this the 13th day of October, 1920," made a prima facie showing that the bond was filed, and therefore the appeal taken, on the 13th, such presumption might be controverted by parol evidence, and was controverted by evidence consisting of testimony of a witness and by the indorsement on the records of the board of revenue "10/9/20" as the date of the taxpayer's appeal, for, if the bond was approved later than its filing, the approval related back to the filing.

Appeal from Circuit Court, Jefferson County; A. E. Gamble, Judge.

A. W. Cochran appealed from the action of the Board of Revenue of Jefferson County in the fixing of valuation for taxing purposes of his property, and the appeal, on motion of the State, was dismissed, and he appeals. Reversed and remanded.

Wm. K. Brown and Rudulph & Smith, all of Birmingham, for appellant.

The appeal from the action of the board of revenue was taken when the bond was filed with the clerk, and was within the thirty days. Sections 104 and 108, p. 317, Acts 1919; 90 Ala. 339, 7 South. 241; 15 Ala. App. 347, 73 South. 218. When the bond was accepted without objection, it was prima facie approved. 25 Ala. 538; 50 Ala. 479; 21 South. 12; 3 C. J. 1175; 76 Mich. 114, 42 N. W. 1119, 15 Am. St. Rep. 295. The indorsement of the filing and approval was not conclusive. 71 Ala. 461, and authorities supra.

Weatherly, Birch & Hickman, of Birmingham, for the State.

The clerk's official indorsement of the filing and approval of the appeal bond fixed the time of the appeal. 3 C. J. 1172, 1173, note 2, 1310; 72 Ala. 535; 25 Ala. 109; 4 Stew. & P. 279. The failure to perfect the appeal within the time went to the jurisdiction of the court to which the appeal was taken. 33 Ala. 634; 3 C. J. § 1074, and notes.

THOMAS, J. The appeal, taken from the board of revenue of Jefferson county to the circuit court, was by a taxpayer, contesting the tax valuation fixed on his property. The appeal was dismissed on motion of the state, on grounds that it was not taken within the time prescribed by law.

[1] Statutory provisions of the Murphree Act, "to provide for the general revenue of the state of Alabama," are:

"Sec. 104. All appeals from the ruling of the county tax adjuster or board of tax adjusters fixing the values for property shall be taken within ten days after the date of the final decision of the county tax adjuster or board of tax adjusters to the court of county commissioners or board of revenue. The trial upon such appeal shall be de novo and the court shall render a judgment ascertaining and fixing the assessment valuation of said property, describing the property involved. * * * From the judgment of the court of county commissioners or board of revenue, as herein provided for, either party may appeal to the circuit court of the county within thirty days from the rendition of the judgment and trial shall there be had de novo."

"Sec. 108. All such appeals to the circuit court as herein provided shall be taken within thirty days after the final decision of the court of county commissioners or board of revenue fixing the valuation as provided for in this act, and the taxpayer shall give bond with sureties to be approved by the clerk of the court to which the appeal is taken and payable to the state of Alabama, conditioned to pay all the costs created by the appeal and abide and perform whatever judgment said court may render in the premises. * * * From the judgment of the trial court, either party may appeal to the Court of Appeals, or to the Supreme Court, as in civil cases, within thirty days from the rendition of the judgment."

General Acts 1919, pp. 282, 316–318.

In Jacobs v. Goodwater Graphite Co., 87 South. 383,[1] it is declared that an appeal is taken to this court when good and sufficient surety for costs is lodged with the register or clerk (Kimbrell v. Rogers, 90 Ala. 339, 7 South. 241), and is perfected when the cause is duly docketed in this court within the time prescribed by statute (Code, § 2868, as amended by Gen. Acts 1915, p. 711; Gen. Acts 1919, p. 84; Code, § 2870). And by analogy such is the rule that will be applied to an appeal from the board of revenue to the circuit court; for where the bond is given by the taxpayer and filed in the circuit court pursuant to statutes, and is approved by the officer of that court prescribed by the statute, it must be referred to the date of taking the appeal from the final decision of the board of revenue or court of county commissioners; that is to say, such is its reference to determine whether the appeal is taken within the time prescribed by statute.

[2, 3] On a trial of the issue of fact, it appeared from the entry in the certificate to the transcript of the appeal to the board of revenue that the judgment by said board was rendered against the taxpayer on September 9, 1920; that the appeal from the valuation so fixed by the board to the circuit court and filed in that office was taken "10/9/20," which the court judicially knows is an abbreviation in common use and indicated October 9, 1920. Moseleys Adm'r v. Mastin, 37 Ala. 216 ("adm'r"); Sheffield Fur.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 205 Ala. 112.

Co. v. Hull C. & C. Co., 101 Ala. 446, 14 South. 672, and Elliott v. Howison, 146 Ala. 568, 40 South. 1018 ("C. O. D." and "f. o. b."); Birmingham & A. Ry. Co. v. Maddox, 155 Ala. 292, 46 South. 780 (that "5x16" is measure applied to shingles); Hunt v. Smith, 9 Kan. 137, 153. The appeal bond of date October 9, 1920, though indorsed, "Taken and approved this the 13th day of October, 1920, Wm. J. Waldrop, Clerk of Circuit Court of Jefferson County, Ala., filed in office October 13, 1920," if it was delivered to the clerk of the circuit court by appellant or counsel for appellant on October 9th, the same was presented and the appeal taken within the statutory period of 30 days after rendition of the final decision of the board of revenue fixing the valuation of the taxpayer's property.

The motion of the state was rested on the fact that the appeal bond bears the indorsement of its filing and approval on October 13th, and that its verity cannot be questioned. This is not the law. The legal effect of such indorsement and approval by the clerk was that, prima facie, such was the date of its filing and approval. Appellant contends in argument, and by oral testimony sought to show, that the appeal was in fact taken from the decision of the board of revenue on October 9th, and is corroborated by the fact that the notation of the appeal on the transcript from the board of revenue and the date of the appeal bond are each of date October 9th. The indorsements of the clerk of the circuit court and of the board of revenue are not conclusive; each merely raised a prima facie presumption of verity, which may be overcome by testimony showing the true date of the filing of the paper with the clerk of the circuit court and of taking the appeal.

In Williams v. McConico, 25 Ala. 538, a motion was made to dismiss an appeal to the Supreme Court, which was denied because appellant's evidence raised the presumption that his bond was in fact received and accepted by the judge of probate at the time the appeal was taken from that court, notwithstanding the written approval of that judge indorsed on the obligation as of a different date. The question presented was whether the appeal was taken within the time prescribed by statute, in Kimbrell v. Rogers, 90 Ala. 339, 7 South. 241, where the security for costs of the appeal was filed on the 28th of March and the citation issued on a subsequent date. Appellant's motion was to strike the appeal on the ground that the same had not been taken within a year from the rendition of the decree. It was there said that an appeal is "taken" (within the meaning of the statute) when the party seeking to prosecute it has complied with the conditions "upon which the law gives the right"; that the only condition precedent was the filing with the register, within the time, "a sufficient undertaking to secure costs," which was done. Whatever else remained to be done, in effectuating a review of the case by this court, depended upon the discharge of duty by a public officer, and not upon any act of the appellant. This application of the rule was made in Campbell v. State, 182 Ala. 18, 25, 62 South. 57. See, also, Roll v. Howell, 15 Ala. App. 347, 73 South. 218, where the appeal bond was filed on the 29th day of June and did not show approval until the 2d day of July, the date of appellee's death; held that, regardless of the date of approval, if the bond as filed was subsequently approved, the appeal was taken when the appellant furnished a good and sufficient bond for approval to the clerk; the subsequent approval relating back to the time of its filing by the clerk.

The analogy of the foregoing authorities is sufficient to indicate that the fact of the indorsement of the filing of the bond and approval by the clerk was merely prima facie evidence of the true date of its filing, which may be controverted by parol evidence. This was done in the testimony of Mr. Brown, supported by the indorsement on the records of the board of revenue, "10/9/20," as the date of the appeal from its valuation of appellant's property.

We are of opinion that the judgment of the circuit court should be reversed and that the cause be tried in that court on its merits de novo as an appeal from the board of revenue to the circuit court, pursuant to the provisions of the statutes made and provided for such matter.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.