This is an unemployment compensation case.
Claimant filed for unemployment compensation benefits and was turned down initially. She was also later turned down by the board of appeals on June 15, 1984. Under sections 25-4-94 (d) and -95, Code 1975, claimant had twenty days to file an appeal to the circuit court. On July 5, 1984 *Page 658 
she presented the circuit clerk with a notice of appeal and an affidavit of substantial hardship, requesting initial waiver of docket fees and service fees. The circuit judge signed the affidavit on July 10, 1984, after claimant's time for filing the appeal had run. Only then did the clerk formally enter the case on the docket. The Department of Industrial Relations (the Department) moved to dismiss the appeal on the ground that the circuit court lacked jurisdiction to entertain the appeal, i.e. the appeal was filed too late. The trial court granted the Department's motion and the claimant appeals.
The claimant argues that just the filing of the notice of appeal with the circuit court clerk within twenty days of the administrative decision is all that is necessary to satisfy the requirements of section 25-4-95. The Department replies that more is required. It contends that in addition to the timely filing of the notice of appeal the claimant must at the same time the notice of appeal is filed also pay the filing fees or obtain a waiver of the initial filing fee from the circuit court. Otherwise, says the Department, the circuit court clerk is not required to accept the notice of appeal. We disagree with the Department.
It has long been held that in Alabama "[a] pleading or other paper may be said to have been duly filed when it is delivered to the proper filing officer." Covington Bros. Motor Co. v.Robinson, 239 Ala. 226, 194 So. 663 (1940). See also Henson v.Henson, 261 Ala. 63, 73 So.2d 100 (1954). Timely delivery is sufficient even when the clerk fails to mark the pleading or other paper "filed." Home Insurance Co. v. Shriner, 235 Ala. 65,177 So. 897 (1937).
Thus, when claimant timely presented the notice of appeal and affidavit of substantial hardship to the clerk, the case is deemed to have been filed, notwithstanding that the clerk failed to enter the case on the docket until the judge signed the affidavit.
It has been held that the timely filing of a notice of appeal is sufficient to satisfy the jurisdictional requirements of any appellate rule. Edmondson v. Blakey, 341 So.2d 481 (Ala. 1976). Moreover, this court has held that the timely filing of a notice of appeal with the circuit court clerk pursuant to section 25-4-95 invokes the jurisdiction of the circuit court.Crawley v. Carter, 378 So.2d 1139 (Ala.Civ.App. 1979). The failure to pay the filing fees initially or to obtain a waiver of such filing fee from the court may warrant sanctions, including dismissal of the appeal, at a later time. But when the notice of appeal is timely filed, the circuit court has jurisdiction of the appeal.
For the erroneous dismissal of the appeal, the judgment of the trial court is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.