These petitions for writ of certiorari were granted because petitioners raised a probability of merit in their allegations of conflicts between the decision of the Court of Civil Appeals, 477 So.2d 413, and the decisions of this Court inState v. Coastal Petroleum Corp., 240 Ala. 254, 198 So. 610
(1940), and State v. Pure Oil Co., 256 Ala. 534, 55 So.2d 543
(1951). At issue is whether petitioners are subject to the wholesale license or privilege tax imposed by Code 1975, §40-17-174. The facts are found in the opinion of the Court of Civil Appeals.
The Court of Civil Appeals relied heavily on State v. PureOil Co., supra, in reversing the trial court's judgment that petitioners are not subject to the wholesale license tax. Pure Oil Company did not dispute that at least some of its business was "wholesale" as that term is commonly used in business, that is, selling goods for resale. The dispute in Pure Oil regarded which of Pure Oil's sales were to be used in computing the tax liability. The Court ultimately held that, once a taxpayer was found to be a wholesaler, both its wholesale sales and its retail sales formed the basis for the tax. In the course of its reasoning, the Court stated that the difference between wholesale and retail is "whether the purchases are in large or small quantities." 256 Ala. at 539, 55 So.2d at 847. This statement, however, should be taken in the context of the Court's observation in that case:
 "The legislature in enacting the statute had in mind big distributors of such oils, such as appellee, and in levying the tax on the privilege of engaging in business in this state used the terms `that is to say in quantities of twenty-five gallons or more' in setting up a constitutional classification, distinguishing the `proprietors of larger businesses who are taxed and the proprietors of smaller businesses who are not.' Carmichael, Attorney General of Alabama, et al. v. Southern Coal Coke Co., 301 U.S. 495, 57 S.Ct. 868, 873, 81 L.Ed. 1245 [1937]. . . .
 "Yet it is suggested here that the little filling station operator sometimes sells more than twenty-five gallons in one lot. He is not taxed by this statute."
256 Ala. at 540, 55 So.2d at 848.
Even if "wholesale" originally only meant sales in large quantity, its meaning has now come to include the concept that such sales are usually sales for resale, not sales to consumers.[1] The definitions of "wholesale" and "retail" in the sales tax statutes strictly preserve this distinction between sales for resale and those for consumption. See Code 1975, §40-23-1. The State argues that these definitions are not relevant to the instant privilege tax, but petitioners are subject to the sales tax as retailers. It would be anomalous to treat their sales as retail sales for the sake of one tax and as wholesale sales for the sake of another. Moreover, the point is that this is just one example of how the word *Page 419 
"wholesale" is taken to mean a sale for resale.
Petitioners here sell exclusively at retail, that is, to the ultimate consumers of the fuel oils. Thus, the phrase "at wholesale" as the crucial classification of taxpayers reached by the statute creates an ambiguity as to whether the statute applies to them at all. Does the statute's phrase, "Each person . . . selling . . . oils at wholesale, that is to say in quantities of 25 gallons or more," purport to reach wholesalers who sell in large quantities for resale, or does it purport to reach all sellers who sell quantities of 25 gallons or more? If the latter interpretation is urged, we respond, why is the word "wholesale" in the statute at all? Why did the legislature not just say, "Each person selling oils in quantities of 25 gallons or more"?
Retailers such as the petitioners reading the taxing statutes would naturally read this section and conclude that it did not apply to them. Any ambiguity in a taxing statute is to be resolved in favor of the taxpayer. Alabama Farm Bureau Mut.Cas. Ins. Co. v. City of Hartselle, 460 So.2d 1219 (Ala. 1984);City of Birmingham v. Stacy Williams Co., 356 So.2d 608 (Ala. 1978). The trial court was correct in its determination that §40-17-174 should not be construed so as to impose tax liability on the petitioners. The judgment of the Court of Civil Appeals is reversed and the cause remanded.
REVERSED AND REMANDED.
All the Justices concur.
[1] Webster's New International Dictionary (2d ed. 1934) defined "wholesale" as "the sale of goods by the piece or in large quantity; — distinguished from retail." The third edition (1971) brings in the criterion of resale: "The sale of goods or commodities in quantity usu. for resale (as by a retail merchant)."