RUSSELL, Judge.
This is a statutory construction case.
The circuit court construed Ala.Code (1975), § 40-14-41(b)(4) (1985 Repl.Vol.), and held that certain open-account advances made to Norandal USA constituted capital so as to be included in the measure of the corporate franchise tax. Norandal appeals. We reverse.
The part of the statute in question concerns the definition of “capital” for franchise tax purposes. That provision is as follows:
“(4) The amount of the bonds, notes, debentures or other evidences of indebtedness maturing and payable at the time to (i) any individual stockholder owning directly or indirectly 10 percent or more of the capital stock of such foreign corporation or (ii) another corporation owning more than 50 percent of the capital stock of such corporation, or (iii) another corporation more than 50 percent of the capital stock of which is owned by such foreign corporation, and *793 which other corporation referred to in (ii) or (iii) is not also required to pay a franchise tax to the state of Alabama.”
Section 40-14-41(b)(4) (emphasis added).
The facts in pertinent part reveal that Norandal is a corporation organized under the laws of the State of Delaware. One hundred percent of the authorized and outstanding capital stock of Norandal is owned by Noranda Aluminum, Inc. (corporate parent). One hundred percent of the authorized and outstanding stock of the corporate parent is owned by Noranda Finance, Inc. (corporate grandparent). No-randal qualified to do business in the State of Alabama in 1984.
During 1986, the corporate grandparent made open-account advances to Norandal in the amount of $69,588,297. The Department included the value of these open-account advances in its computation of No-randal’s “capital” for the purpose of computing Norandal’s franchise tax. As noted above, the circuit court upheld this determination, and Norandal now appeals to this court.
On appeal Norandal contends that its corporate grandparent is not “another corporation owning more than 50% of the capital stock” of Norandal and, therefore, that the open-account advances in question should not be included in Norandal’s “capital” for franchise tax purposes. We agree.
Where, as here, this court is called upon to construe a statute, the fundamental rule is that the court has a duty to ascertain and effectuate legislative intent expressed in the statute. Ex parte Holladay, 466 So.2d 956 (Ala.1985). This intent may be gleaned from the language used, the reason and necessity for the act, and the purpose sought to be obtained. Holladay, 466 So.2d 956.
Further, we would note that a longstanding rule of statutory construction is that a court has a duty to construe each word of each section consistently with other sections in pari materia. Director of Department of Industrial Relations v. Winston County Commission, 468 So.2d 177 (Ala.Civ.App.1985). Also, the entire statute should be considered and not just an isolated part, so that every clause is given effect in light of the subject matter and purpose of the law. Standard Oil Co. v. State, 55 Ala.App. 103, 318 So.2d 532 (Ala.Civ.App.1975).
With these rules of statutory construction in mind, we have examined the above provision with respect to the determination of capital. In doing so, we find the language very clear that the total capital of a foreign corporation shall be deemed an amount equal to the sum of indebtedness to “another corporation owning more than 50 percent of the capital stock of such corporation.” However, what is not clear is whether the legislature intended to include within this definition all corporate ownership, both direct and indirect.
The legal maxim expressio unius est ex-clusio alterius (expression of one thing is the exclusion of another) is frequently applied to aid courts in interpreting statutory language. Ex parte Kirkpatrick, 495 So.2d 1095 (Ala.1986). Here, if the legislature had inserted the words “directly or indirectly” in the definition of § 40 — 14—41(b)(4)(ii), a broad definition of the term “ownership,” as used in this section, would have been created. This is exactly what the legislature did in § 40-14-41(b)(4)(i). To have done it in the first instance and not in the latter in the same section leads us to conclude that a more restrictive boundary was intended in § 40 — 14—41(b)(4)(ii). We recognize, incidentally, notwithstanding other support for our conclusion, the long-standing axiom that, where the language of a taxing statute is reasonably capable of two constructions, the most favorable to the taxpayer must be adopted. Ex parte Zewen Marine Supply, Inc., 477 So.2d 417 (Ala.1985).
Therefore, the trial court erred in its construction of § 40-14-41(b)(4) (1985 Repl. Vol.), and the open account advances made to Norandal by the “corporate grandparents” do not constitute capital, as defined by statute, so as to be included in the measure of the corporate franchise tax.
This case is due to be reversed and remanded to the trial court for entry of a *794 judgment or proceedings consistent with this opinion.
REVERSED AND REMANDED.
INGRAM, P.J., and ROBERTSON, J., concur.