WRIGHT, Retired Appellate Judge.
Claimant filed notice of appeal in the circuit court of the denial of her claim for unemployment compensation by the Department of Industrial Relations. The notice of appeal was filed within ten days from the date the denial of her claim became final, as required by § 25-4-95, Code 1975. At the same time, claimant also filed an affidavit of substantial hardship (§ 12-19-70, Code 1975) and requested that the director of the department be served a copy of the notice of appeal by certified mail. Nearly a month after the filing of the notice of appeal the circuit judge granted the request for a finding of substantial hardship. The director was immediately thereafter served with notice of appeal.
The department then moved to dismiss the appeal on the ground that the service of notice of appeal on the director of the Department of Industrial Relations was required by statute (§ 25-4-95) to be performed within ten days of the date of the final denial of the claim. The circuit court granted the motion to dismiss.
Claimant appeals, contending that service of the notice of appeal upon the director within ten days after denial of the claim became final is not required by the statute; that such service is not jurisdictional but merely procedural.
This court in the ease of Taylor v. Dept. of Industrial Relations, 409 So.2d 447 (Ala.Civ.App.1982), held that § 25-4-95 did not require service of the notice of appeal upon the director within ten days of the final denial of the claim. In the subsequent case of Rubin v. Dept. of Industrial Relations, 469 So.2d 657 (Ala.Civ.App.1985), we held that the timely filing of a notice of appeal with the clerk of the circuit court is sufficient to invoke the jurisdiction of the circuit court. Failure to explicitly follow procedural requirement thereafter is merely subject to reasonable sanctions.
As early as the case of Crawley v. Carter, 378 So.2d 1139 (Ala.Civ.App.1979), this court said that the timely filing of the notice of appeal invoked the jurisdiction of the circuit court. This writer was the author of that opinion. After enunciating what was subsequently stated in Rubin, I clearly misspoke when I said on behalf of the court the following: “It is the opinion of the court that, as in Rule 3, A.R.A.P., the timely filing of the notice of appeal with the director invokes the jurisdiction of the circuit court under § 25-4-95.” Crawley, 378 So.2d at 1141. Clearly, that statement was wrong. Jurisdiction of a circuit court cannot be invoked by serving notice of appeal with the director of the Department of Industrial Relations. Perhaps that misstatement may have contributed to the stance of the department in recent cases which have come to this court and have subsequently gone to the supreme court on certiorari.
These cases have now culminated in recent decisions of the supreme court which finalized the issue presented here. Those cases are Ex parte Thompson, 554 So.2d 435 (Ala.1989), and Ex parte Doty, [Ms. Sept. 8, 1989] (Ala.1989), consolidated with Ex parte Hooks, [Ms. Sept. 8, 1989] (Ala.1989). The case of White v. Allen, [Ms. July 26, 1989] (Ala.Civ.App.1989), presently in the supreme court on certiorari, was indicated in the opinion of Doty and Hooks to be subject to the rule of those cases.
The holding in Doty and Hooks is “that the notice to the director need not be filed within the 10-day period provided for *620 the filing of a notice of appeal. Because the statute does not specify a time period for filing with the director, the law requires filing within a reasonable time.” Obviously, what is a reasonable time is to be determined by the judicial discretion of the trial judge in every case, keeping in mind the beneficent purpose of the unemployment statutes.
In this case, the director was served by certified mail immediately after the judge granted the order of hardship. As we said in Rubin, the filing of the notice of appeal with the circuit clerk invoked the jurisdiction of the court. It was not unreasonable for the clerk to delay the expense of service upon the director until the order of hardship was granted. We find as a matter of law such delay was not unreasonable in this case.
The judgment of dismissal of the appeal is reversed and the case is remanded for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the judges concur.