CRAWLEY, Judge.
James Michael Gilliam appeals from the circuit court’s dismissal of his appeal from a final jeopardy tax assessment.
On June 16,1994, the Department of Revenue entered a final jeopardy tax assessment of $2,023 against Gilliam, based on Gilliam’s failure to purchase and affix drug tax stamps on 289 grams of marijuana found in his possession, as required by Ala.Code 1975, §§ 40-17A-1 et seq. On July 14, 1994, Gilliam filed a notice of appeal in the Henry Circuit Court. He also filed an affidavit which stated, in pertinent part, the following:
“1. My name is James Michael Gilliam, and I am a resident of Headland, Henry County, Alabama. I am over the age of nineteen years.
“2. I was served with a Notice of Jeopardy Marijuana and Controlled Substance Tax Assessment and Demand for Immediate Payment by the State of Alabama Department of Revenue on or about the 16th day of June, 1994.
“3. I wish to appeal the assessment to the circuit court, but am unable to pay the tax nor to post a supersedeas bond due to my indigency.
“4. My total net worth is comprised of the personal property that I own, which consists of the following: one 1969 El Camino automobile, valued at approximately two thousand dollars ($2000.00); one tool box and tools, valued at approximately three thousand dollars ($3000.00); my clothing, jewelry, and other personal items, valued at approximately five hundred dollars ($500.00).”
The circuit court dismissed the appeal for lack of subject matter jurisdiction because Smith did not pay the filing fee until after the 30-day time limit for appeal had expired. The circuit court’s order of dismissal stated:
“1. [Gilliam’s] appeal should have been filed on or before July 18,1994, a Monday.
“2. [Gilliam] filed his notice of appeal on July 14, 1994, and attempted to pay the filing fee; however, the deputy clerk did not know the amount of filing fee to charge. The filing fee was $124.00, and [Gilliam] had $130.00 at the time. The Clerk, Mrs. Burdeshaw was out of the office on that date. [Gilliam] was told to call back the next day (Friday, July 15, 1994) to find out how much the filing fee was. [Gilliam] did this, but he was told that Mrs. Burdeshaw was still out of the office.
“3. Mrs. Burdeshaw was in her office on Monday, July 18, 1994, the last date for filing the appeal; however, [Gilliam] did not contact the clerk’s office on this date. “4. The filing fee was paid by [Gilliam] on July 26, 1994.
*1009 “5. The appeal was not perfected on or before July 18, 1994, due to the failure to pay the required filing fee.”
In Smith v. State, 660 So.2d 1320 (Ala.Civ.App.1995), this court held that payment of the filing fee within the 30-day time limit for appeal is not a jurisdictional prerequisite to appeal of a final jeopardy tax assessment pursuant to § 40-2A-7(b)(5)b. Therefore, based on the authority of Smith, the judgment of the circuit court dismissing Gilliam’s appeal is reversed, and the cause is remanded for further proceedings consistent with our decision in Smith.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, YATES and MONROE, JJ., concur.