CRAWLEY, Judge.
Clyde Randy Smith appeals from the circuit court’s dismissal of his appeal from a final jeopardy tax assessment.
On June 26, 1992, Smith was arrested for possession of marijuana. On February 9, 1993, the Department of Revenue entered a final jeopardy tax assessment of $3,695,937 against Smith, based on Smith’s failure to purchase and affix drug tax stamps for 527,-991 grams of marijuana, as required by Ala. Code 1975, § 40-17A-1 et seq.
In 1992, the legislature enacted the “Alabama Taxpayers’ Bill of Rights and Uniform Revenue Procedures Act.” That legislation, found at Ala.Code 1975, § 40-2A-1 et seq., outlines the procedure for appealing a final tax assessment. Section 40-2A-7(b)(5)(b). provides:
“[T]he taxpayer may appeal from any final assessment to the circuit court of Montgomery County, Alabama, or to the circuit court of the county in which the taxpayer resides or has a principal place of business in Alabama, as appropriate, by filing notice of appeal within 30 days from the date of entry of the final assessment with both the secretary of the department and the clerk of the circuit court in which such appeal is filed. If the appeal is to the circuit court, the taxpayer must, also within the 30-day period allowed for appeal, either (i) pay the assessment plus interest, or (ii) file a su-persedeas bond with the court in double the amount of the assessment. The super-sedeas bond shall be executed by a surety company licensed and authorized to do business in Alabama and shall be conditioned to pay the assessment plus applicable interest and any court costs relating to the appeal.”
Section 40-2A-7(b)(5)c. provides:
“[I]n the case of appeals to the circuit court, the filing of the notice of appeal with both the secretary of the department and the clerk of the circuit court in which such appeal is filed and also the payment of the assessment in full and applicable interest or the filing of a bond as provided herein are jurisdictional. If such prerequisites are not satisfied within the time provided for appeal, the appeal shall be dismissed for lack of jurisdiction.”
Under § 40-2A-7(b)(5)b., a taxpayer who wishes to appeal to the circuit court from a final tax assessment must file his notice of appeal with the court and with the Department of Revenue within 30 days of the final assessment. In addition, he must — also within the 30-day period — pay the tax assessment in full or file a supersedeas bond in twice the amount of the assessment, unless he invokes the exception under Ala.Code 1975, § 40-2A-7(b)(5)b. That exception provides:
“If a taxpayer can show to the satisfaction of the clerk of the circuit court to which the appeal is taken that he has a net worth (on the basis of fair market value) of $20,-000 or less, including his homestead, then the taxpayer may take such appeal without either paying the tax in full or posting a supersedeas bond in double the amount of the assessment.”
On March 3, 1993, 22 days after the entry of the final assessment, Smith filed a notice of appeal in the Marshall Circuit Court. He also filed an “Affidavit in Support of Motion to File Notice of Appeal,” which stated, in pertinent part, the following:
“I, Clyde Randy Smith, being first duly sworn, depose and say that I am the appellant in the above entitled case; that in support of my motion to file the notice of *1322 appeal without being required to prepay the tax in full or post a supersedeas bond, I state that my net worth is $20,000 or less; that I believe that I am entitled to redress; and that the issues which I desire to present on appeal include the following:
[[Image here]]
“3. Attached to this Affidavit as Exhibit ‘A’ is the financial section of my federal presentence investigation report, which was adopted by the United States District Court in Birmingham, Alabama on February 18, 1993. As this exhibit shows, my total net worth is $20,000 or less.”
The issue before us is whether Smith properly perfected his appeal of the final tax assessment. The Department of Revenue argues that Smith did not perfect his appeal because, within 30 days of the final jeopardy assessment, (1) he did not pay the tax, file a supersedeas bond, or prove to the satisfaction of the circuit clerk that his net worth was less than $20,000, and (2) he did not pay the filing fee or have an affidavit of substantial hardship in lieu of the filing fee approved by a circuit judge.

The $20,000 Net Worth Exemption

Section 40-2A-7(b)(5)b. provides that the clerk of the circuit court must be satisfied that the taxpayer has a net worth of less than $20,000 before the taxpayer is exempted from paying the tax in full or posting a supersedeas bond in double the amount of the assessment. This court has decided three recent cases in which the taxpayers attached to their notices of appeal affidavits alleging a net worth of less than $20,000. See Whaley v. Department of Revenue, 560 So.2d 763 (Ala.Civ.App.1990); Sumner v. Department of Revenue, 562 So.2d 1319 (Ala. Civ.App.1989); and Baird v. Department of Revenue, 545 So.2d 804 (Ala.Civ.App.1989). Those cases were decided under the predecessor to § 40-2A-7(b)(5)b. See Ala.Code 1975, § 40-2-22 (repealed by Act. No. 92-186, 1992 Ala.Acts 349, § 80 (effective October 1, 1992)). In Whaley, Sumner, and Baird, we did not have the opportunity to determine what constitutes compliance with the $20,000 net worth exemption (then found at Ala.Code 1975, § 40-29-23(g), repealed by Act. No. 92-186, 1992 Ala.Acts 349, § 75 (effective October 1,1992), current version at § 40-2A-7(b)(5)b.) because the taxpayers in those three cases failed to meet another condition precedent to appeal, the filing of a bond for costs.
In this case we must determine for the first time, therefore, what constitutes compliance with the net worth exemption provision of § 40-2A-7(b)(5)b., and decide whether Smith’s “Affidavit in Support of Motion to File Notice of Appeal” met the requirements for invoking that exemption.
We find guidance on this issue from an early decision by our Supreme Court. In Cochran v. State, 206 Ala. 74, 89 So. 278, (1921), a taxpayer appealed to the circuit court from the valuation fixed on his property by the county board of revenue. The applicable appeals statute required the taxpayer, within 30 days of the revenue board’s decision, to “give bond with sureties to be approved by the clerk of the court to which the appeal is taken.” Cochran v. State, 206 Ala. at 75, 89 So. at 278. The court held:
“[A]n appeal is ‘taken’ (within the meaning of the statute) when the party seeking to prosecute it has complied with the conditions ‘upon which the law gives the right’; ... the only condition precedent was the filing with the register, within the time, ‘a sufficient undertaking to secure costs,’ which was done. Whatever else remained to be done, in effectuating a review of the case by this court, depended upon the discharge of a duty by a public officer, and not upon any act of the appellant.... [WJhere the appeal bond was filed on the 29th day of June and did not show approval until the 2d day of July, ... regardless of the date of approval, if the bond as filed was subsequently approved, the appeal was taken when the appellant furnished a good and sufficient bond for approval to the clerk; the subsequent approval relating back to the time of its filing.”
Cochran v. State, 206 Ala. at 76, 89 So. at 279 (citations omitted) (emphasis added). See also Rubin v. Department of Industrial Relations, 469 So.2d 657, 658 (Ala.Civ.App.1985) (“when claimant presented the notice of appeal and affidavit of substantial hardship to the clerk, the case is deemed to have been filed, notwithstanding that the clerk failed to *1323 enter the case on the docket until the judge signed the affidavit”) (emphasis added).
We hold that Smith fulfilled the requirements for invoking the exemption set out in § 40-2A-7(b)(5)b., on March 3, 1993, when he filed an affidavit alleging a net worth of less than $20,000 and attached documents supporting that allegation. At that point, Smith had done all that he could do. As the Alabama Supreme Court observed in Cochran, “[wjhatever else remained to be done ... depended upon the discharge of duty by a public officer and not upon any act of the appellant.” 206 Ala. at 76, 89 So. at 279.
In order to be entitled to the statutory exemption, the taxpayer must prove to the satisfaction of the clerk that his net worth is less than $20,000. We hold that a taxpayer has met the requirements of the statute when, within the 30-day time limit for appeal, he submits his affidavit, or application for exemption, along with supporting documentation, to the circuit clerk. If the clerk later approves the taxpayer’s net worth affidavit after the time for appeal has expired, then, as in Cochran, “the subsequent approval relat[es] back to the time of ... filing [the affidavit].”

Payment of the Filing Fee

Richard Jaffe, the lawyer who represented Smith on his appeal of the tax assessment, sent a legal assistant from his office to Marshall County to file Smith’s appeal. Mr. Jaffe’s assistant presented Smith’s notice of appeal and affidavit to Ms. Vonie Salee, a deputy clerk of the Marshall County Circuit Court, who stamped the two documents “Filed March 3, 1993.” Ms. Salee testified that she had never handled a marijuana tax appeal before. She neither requested nor received a filing fee for Smith’s appeal.
Sherry Ussery, the chief clerk for the Marshall County Circuit Court, telephoned Mr. Jaffe on March 3,1993, and told him that he needed to pay the filing fee or submit an “affidavit of substantial hardship” in lieu thereof. In response to that conversation, Jaffe sent Ms. Ussery a letter stating, in pertinent part, the following:
“This is to confirm the conversation with you by telephone on March 3, 1993, at which time our legal assistant, Karen Argo, was present in your office.
“At that time, Ms. Argo filed a Notice of Appeal from Final Jeopardy Assessment of Marijuana Controlled Substances Tax to Circuit Court and an accompanying Affidavit in Support of our Motion to waive a filing fee since Mr. Smith, in accordance with the statute, has sworn that he has a net worth under $20,000. Accompanying the sworn Affidavit is Exhibit ‘A,’ a portion of a presentenee investigation report in federal court supporting his net worth. I am enclosing another Affidavit demonstrating the net worth of Mr. Smith along with Exhibit ‘A.’ ”
(Emphasis added.) Ms. Salee and Ms. Us-sery testified that when they read the letter, they thought it was a request by Mr. Jaffe to waive the filing fee. They said, however, that Mr. Jaffe had not used the correct form and that an “affidavit of substantial hardship” was necessary in order to waive the filing fee. Neither Ms. Salee nor Ms. Ussery informed Mr. Jaffe that he had used the wrong form or that his request to waive the filing fee was insufficient, until March 18, 1993 — seven days after the time for appeal had expired.
In response to the clerk’s March 18 request for the filing fee, Jaffe mailed the fee. The clerk’s office received the payment on March 24, 1993, 13 days late. Ms. Salee crossed out the original filing date of March 3,1993, and restamped the appeal documents “Filed March 24, 1993.”
The Department argues that Smith’s failure either to pay the filing fee or to submit a court-approved affidavit of substantial hardship at the time of filing his notice of appeal was a jurisdictional defect requiring the dismissal of Smith’s appeal. As authority for that argument, the Department cites three cases decided by our Supreme Court: Dukes v. Jowers, 584 So.2d 524 (Ala.1991); Mace v. Centel Business Systems, 549 So.2d 70 (Ala. 1989); and De-Gas, Inc. v. Midland Resources, 470 So.2d 1218 (Ala.1985).
Those decisions are inapplicable here for several reasons. First, none of those cases is concerned with an appeal to the circuit court. The issue in Dukes, Mace, and De-Gas was *1324 whether an original action is “commenced,” for purposes of the statute of limitations, when a plaintiff files a complaint in the circuit court on the last day of the limitations period but fails to pay the filing fee or to provide for service of process on the defendant.
In Dukes, Mace, and De-Gas, the court held that a plaintiffs failure to pay the docket fee when he files his complaint is one indication that the plaintiff has no bona fide intent to proceed with the action. Furthermore, the court observed, unless the plaintiff pays the filing fee and provides for service of process at the time he files the complaint, the defendant will have no notice that an action has been brought against him. Neither of those considerations is present here. Smith’s intent to proceed with his appeal of the tax assessment could be determined from, and notice to the adverse party was in fact accomplished by, Smith’s filing his notice of appeal with the secretary of the Department of Revenue.
Rather than Dukes, Mace, and De-Gas, we find the decisions in Finch v. Finch, 468 So.2d 151 (Ala.1985), Luce v. Huddleston, 628 So.2d 819 (Ala.Civ.App.1993), and Rubin v. Department of Industrial Relations, 469 So.2d 657 (Ala.Civ.App.1985), each of which deals with an appeal to the circuit court, to be instructive here.
In Finch, the Alabama Supreme Court held that payment of the filing fee within the time allowed for appeal of a final settlement of an estate from the probate court to the circuit court was not a jurisdictional requirement for perfecting the appeal. The appellant in Finch filed a notice of appeal and a bond for costs, but did not tender a filing fee. The circuit clerk accepted the notice of appeal without demanding a filing fee. There was testimony that the amount of the filing fee was undetermined at the time the notice of appeal was filed. The appellant eventually paid the filing fee after the statutory time for appeal had expired. Our supreme court held:
“In view of the above circumstances and the lack of any clear precedent that a filing fee was required upon appealing from probate to circuit court, much less that such a fee was jurisdictional, and in view of the practice in the higher appellate courts that only timely notice of appeal is jurisdictional, it was error to dismiss the appeal in the instant case.”
Finch v. Finch, 468 So.2d at 154.
In Luce, this court held that the posting of security for costs need not be contemporaneous with the timely filing of the notice of appeal in an appeal from the district court to the circuit court.
In Rubin, the plaintiffs claim for unemployment compensation benefits was denied. Within the statutory period for appeal, the plaintiff filed in the circuit court a notice of appeal and an affidavit of substantial hardship, requesting that the docket fee be waived. The affidavit was not approved by the circuit judge, however, until after the time for appeal had expired. The Department of Industrial Relations argued that payment of the filing fee or approval of the affidavit seeking waiver of the fee was jurisdictional. This court disagreed. We held that “when claimant presented the notice of appeal and affidavit of substantial hardship to the clerk, the case is deemed to have been filed, notwithstanding that the clerk failed to enter the case on the docket until the judge signed the affidavit.” Rubin v. Department of Industrial Relations, 469 So.2d at 658.
A decision that payment of the filing fee is not a jurisdictional prerequisite for appeal of a final tax assessment is supported both by the wording of § 40-2A-7(b)(5)c. and by the legislative history of the statute. Section 40-2A-7(b)(5)e. provides:
“[I]n the case of appeals to the circuit court, the filing of the notice of appeal with both the secretary of the department and the clerk of the circuit court in which such appeal is filed and also the payment of the assessment in full and applicable interest or the filing of a bond as provided herein are jurisdictional.”
The statute specifically outlines what matters are jurisdictional. It omits any reference to filing fees. “Under the principle of expressio unis est exclusio alterius, a rule of statutory construction, the express inclusion of requirements in the law implies an intention to exclude other requirements not so included.” Jefferson County v. Alabama Criminal Jus *1325 tice Information Center Comm’n, 620 So.2d 651, 658 (Ala.1993). Furthermore, “any ambiguity in a taxing statute is to be resolved in favor of the taxpayer.” Ex parte Zewen Marine Supply, Inc., 477 So.2d 417, 419 (Ala.1985).
In 1992, the legislature repealed § 40-2-22 and enacted the “Alabama Taxpayers’ Bill of Rights and Uniform Revenue Procedures Act.” The legislature stated that, in passing the new act, it had the following intent:
“The legislative intent of this chapter is to provide equitable and uniform procedures for the operation of the department and for all taxpayers dealing with the department. This chapter is intended as a minimum procedural code and the department may grant or adopt additional procedures not inconsistent with this chapter. This chapter shall be liberally construed to do substantial justice.”
Ala.Code 1975, § 40-2A-2(l). In the appeals section of the new act, the legislature reenacted most of the same requirements for appealing a final tax assessment. Compare Ala.Code 1975, § 40-2-22 (repealed) with § 40-2A-7(b)(5)b. and e. Both the old and the new statutes require the assessment to be paid or a supersedeas bond in double the amount of the assessment to be posted. Both provisions allow for a “$20,000 net worth exception” to the foregoing requirement. There are, however, several differences between the former statute (§ 40-2-22) and the current version (§ 40-2A-7(b)(5)). Whereas § 40-2-22 had required a “bond conditioned to pay all costs,” § 40-2A-7(b)(5)b. has no requirement of a cost bond. Unlike the former statute, the current statute requires only one bond to be posted. That bond is a supersedeas bond “conditioned to pay the assessment plus applicable interest and any court costs relating to the appeal.” Ala.Code 1975, § 40-2A-7(b)(5)b. (emphasis added).
The legislature’s addition of the phrase “and any court costs relating to the appeal” to the current provision could be construed to indicate the legislature’s intent that the supersedeas bond cover court costs. If the supersedeas bond covers court costs and the statute allows for a waiver of the supersedeas bond upon a proper showing, then it stands to reason that the statute allows for a waiver of court costs upon the same showing. Thus, the belief of Smith’s counsel that his application for a waiver of the supersedeas bond also included an application for a waiver of the filing fee was reasonable under the circumstances.
We would not be fulfilling the legislative mandate for “equitable procedures” designed to “do substantial justice” if we held, under the particular circumstances of this case, that Smith’s appeal was not properly perfected. We do not hold that prepayment of court costs, i.e., a filing fee, is unnecessary in a tax appeal. We do hold, however, that payment of a filing fee within the 30-day time limit for appeal is not a jurisdictional prerequisite to appeal of a final jeopardy tax assessment pursuant to § 40-2A-7(b)(5)b.
The judgment of the circuit court dismissing Smith’s appeal is reversed, and the cause is remanded. On remand, the circuit court shall direct the circuit clerk to determine whether the clerk is satisfied that Smith’s net worth is less than $20,000. If the clerk concludes that Smith’s net worth entitles him to the statutory exemption from paying the assessment or posting a supersedeas bond, the court shall proceed to hear the merits of the appeal.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, YATES and MONROE, JJ., concur.