SAM A. BEATTY, Retired Justice.
The Department of Revenue of the State of Alabama (“the Department”) appeals from a summary judgment entered in favor of Magnolia Methane Corporation. We affirm.
Magnolia Methane is a Delaware corporation. It is wholly owned by Transco Resources, Inc., a Delaware corporation (its corporate parent). Transco Resources is wholly owned by Transco Energy Company, a Delaware corporation (Magnolia Methane’s corporate grandparent). Magnolia Methane was incorporated primarily to exploit geological formations containing coal bed methane in the Black Warrior Basin of Alabama. During the course of Magnolia Methane’s explorations in 1989 and 1990, it expended approximately $270 million in the development of natural resources. Those funds consisted of a $50 million contribution to capital from its corporate parent, and a loan of approximately $220 million from its corporate grandparent. Magnolia Methane secured the loan by executing a note dated August 1, 1990, payable on demand and without any principal amount noted on its face. The demand note carried a rate of interest equal to 1½ below the prime commercial rate of interest charged by Citibank, N.A. Magnolia Methane repaid over $11.7 million to Transco Energy in 1991 and over $8.7 million in 1992.
The Department audited Magnolia Methane for the years 1990, 1991, and 1992 concerning its Alabama foreign corporation franchise tax liability. By letter dated January 19, 1993, the Department issued a notice of its final assessment of additional Alabama foreign corporation franchise tax, interest, and penalties in the amount of $1,226,130.18. The Department based its assessment on its conclusion that the debt owed by Magnolia Methane to its corporate grandparent, evidenced by the demand note, should be reclassified as long-term debt for franchise tax purposes.
Magnolia Methane appealed the Department’s assessment to the Department’s Administrative Law Division. After a hearing, the administrative law judge issued an order holding that the debt evidenced by the demand note was short-term debt for franchise tax purposes and should be excluded from Magnolia Methane’s franchise tax base. The Department appealed the administrative law judge’s decision to the Circuit Court of Montgomery County. Magnolia Methane filed a motion for a summary judgment, seeking to have the Department’s notice of final assessment dismissed. The trial court entered a summary judgment, holding that the debt was properly classified as short-term pursuant to Norandal USA, Inc. v. State Dep’t of Revenue, 545 So.2d 792 (Ala.Civ.App.1989), and dismissing the final assessment issued by the Department.
The Department contends that the trial court erred in entering the summary judgment. It argues that the loans to Magnolia Methane from its corporate grandparent evidenced by the demand note constitute long-term debt and should be included in Magnolia Methane’s franchise tax base.
The Department maintains that the advances secured by the demand note should be treated as long-term debt because, it contends, Magnolia Methane and its corporate grandparent had an agreement that the loan would be considered a noneurrent liability for accounting purposes and because, it says, Magnolia Methane did not have sufficient *343 resources to satisfy the note if payment in full had been demanded. The Department contends that a demand note may constitute long-term indebtedness if the creditor has agreed not to call the note within one year. Magnolia Methane insists that an obligation payable upon demand must be classified as a short-term liability. It also maintains that Magnolia Methane and its corporate grandparent had no agreement regarding the loan. The only evidence the Department presented to support its contention that Magnolia Methane and Transco Energy had any such agreement was testimony about an “accounting convention” used by Magnolia Methane and Transco Energy to classify the note as noncurrent for accounting purposes.
Under Alabama’s foreign franchise tax statutes and related case law, long-term debt is included in a corporation’s capital tax base regardless of to whom it is owed. § 40-14-41(b)(3), Ala.Code 1975. Short-term inter-company debt may also be included as “capital employed” if it meets certain criteria. § 40-14-41(b)(4), Ala.Code 1975. In Norandal, this court focused on whether open account advances made to Norandal USA by its corporate grandparent constituted capital employed for purposes of determining No-randal’s Alabama foreign corporation franchise tax. We held that the open account advances made by the corporate grandparent, which were due and payable on demand, did not constitute “capital employed” as defined by § 40-1441(b)(4).
The administrative law judge in this ease held as follows:
“This is a statutory construction case. The plain language of § 40 — 14—41(b)(3) is that a debt is long-term and thus must be included as capital only if it matures and is payable more than one year after the first day of the franchise tax year. A demand note by its own terms is payable immediately upon demand, not in more than one year. A demand note thus is not a long-term indebtedness, but rather is in substance identical to the open-account advances at issue in Norandal, which were treated as short-term debt. The fact that the Taxpayer did not have sufficient assets to pay the note immediately does not convert the demand note to long-term debt, nor does the fact that the Taxpayer characterized the note as ‘non-current’ for internal accounting purposes.
“If the parties had agreed that the advances would not be called within one year, then substance over form would control and perhaps the advances would constitute long-term debt. However, Transco Energy did not agree in writing or otherwise that the advances would not be called within one year. Consequently, the demand note in issue did not constitute long-term indebtedness pursuant to § 40-14-41(b)(3), and thus should not be included as capital by the Taxpayer.”
The trial court’s judgment, affirming the administrative law judge’s decision, stated:
“The case of Norandal USA, Inc. v. State Department of Revenue, 545 So.2d 792 (Ala.Civ.App.1989), controls the issue at hand. In Norandal USA, Inc., a corporate grandparent made open-account advances to its second-tier subsidiary which also were due and payable at the time. The Alabama Court of Civil Appeals held that such open account advances were not ‘capital employed’ under Ala.Code § 40-14-41. In light of the fact that demand obligations between corporate grandparents and second-tier subsidiaries are indistinguishable from open account advances for purposes of determining ‘capital employed’ in Alabama, the demand obligation at issue in this case, and the debt evidenced thereby, are not considered ‘capital employed’ for purposes of the Alabama foreign corporation franchise tax.”
We agree with the administrative law judge and the trial court. The record does not reflect that Magnolia Methane’s use of a demand note to secure its loan was mitigated by any agreement to recharacterize the debt as long-term. The demand note, therefore, evidences short-term debt owed by Magnolia Methane to its corporate grandparent. Pursuant to Norandal, the loans made by Tran-sco Energy to Magnolia Methane do not constitute “capital employed”, as defined by § 40-14-41, and should not be included in the calculation of Magnolia Methane’s Alabama foreign corporation franchise tax.
*344 The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.