MOORE, Judge.
The Alabama Department of Labor (“ADOL”) petitions this court for a writ of mandamus directing the Montgomery Circuit Court (“the trial court”) to vacate its order denying ADOL’s motion to dismiss the appeal filed by Shunquilla L. Moore from the decision of ADOL’s Board of Appeals (“the Board”) and to enter an order dismissing Moore’s appeal. We deny the petition.
On June 3, 2015, the Board issued a decision affirming an earlier decision of an administrative hearing officer finding that Moore was disqualified from receiving unemployment-compensation benefits pursuant to Ala.Code 1975, § 25-4-78(3)(a), because she had been discharged for misconduct. The Board transmitted a copy of its decision to Moore; the transmittal notice accompanying the decision included, among other things, a recitation of Ala.Code 1975, § 25-4-94(d), which provides that the Board’s decision “shall become final 10 days after the date notification thereof shall have been mailed, postage prepaid, to the parties,” and Ala. Code 1975, § 25-4-95, which provides that any party to the proceeding may appeal the Board’s decision “[w]ithin 30 days after the decision of the board of appeals has become final.”
On July 13, 2015, the last day for filing a timely appeal, Moore filed a complaint appealing the Board’s decision. Moore did not pay a filing fee at the time she filed her complaint, but she did file an affidavit of substantial hardship and apply for a waiver of the filing fee. See Ala. Code 1975, § 12-19-70(b). On August 5, 2015, the trial court entered an order granting the waiver. On August 12, 2015, ADOL filed a motion to dismiss the appeal, asserting that, because Moore’s request for a waiver of the filing fee had been approved by the trial court only after the time for filing an appeal had run, Moore’s appeal was untimely filed and, as a result, the trial court lacked subject-matter jurisdiction. The trial court denied ADOL’s motion on October 15, 2015. ADOL filed its petition for a writ of mandamus with this court on October 27, 2015.
“ ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ”
Ex parte Perfection Siding, Inc., 882 So.2d 307, 309-10 (Ala.2003) (quoting Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995)).
In its petition for writ of mandamus, ADOL cites Ala.Code 1975, § 12-19-70, which provides:
“(a) There shall be a consolidated civil filing fee, known as a docket fee, collected from a plaintiff at the time a complaint is filed in circuit court or in district court.
“(b) The docket fee may be waived initially and taxed as costs at the conclusion of the case if the court finds that payment of the fee will constitute a substantial hardship. A verified statement of substantial hardship, signed by the plaintiff and approved by the court, shall be filed with the clerk of court.”
*331 In De-Gas, Inc. v. Midland Resources, 470 So.2d 1218, 1220 (Ala.1985), also cited by ADOL, our supreme court noted that the use of the term “shall” in § 12-19-70 makes the payment of the filing fee mandatory. Observing, among other things, that the limitations period allows for a defendant to be judicially notified of an action being filed against them, our supreme court concluded in De-Gas.that the payment of the filing fee or the filing of a court-approved verified statement of substantial hardship is a jurisdictional prerequisite to the commencement of an action for statute-of-limitations purposes. Id. at 1222. The supreme court distinguished its holding in De-Gas, however, from Finch v. Finch, 468 So.2d 151 (Ala.1985), in which our supreme court held that the payment of the filing fee within the time allowed for an appeal is not a jurisdictional requirement for perfecting an appeal, because the nonappealing party is already aware of the existence of the action in which the appeal is involved and because there is no provision requiring the payment of the filing fee at the time the appeal is filed. 470 So.2d at 1222.
ADOL also cites Ex parte Courtyard Citiflats, LLC, 191 So.3d 787 (Ala.2015), in support of its assertion that Moore’s appeal to the trial court was untimely. In that case, at the time Coretta Arrington filed the original complaint in the circuit court within the applicable statute-of-limitations period, the affidavit of substantial hardship and request for a waiver of the filing fee that had been filed with the complaint had not yet been approved by the circuit court as required by § 12-19-70(b); the request for a waiver of the filing fee was not approved by the circuit court until after the expiration of the applicable statute of limitations. Id. Our supreme court relied on De-Gas and other cases in concluding that the failure of the plaintiff to submit a court-approved hardship statement within the limitations period was a jurisdictional defect that could not be cured retroactively by the circuit court’s later approval. Id.
ADOL argues that, like in Ex parte Courtyard Citiflats, Moore’s failure to obtain a waiver of the filing fee from the trial court within the time for filing an appeal from the Board’s decision resulted in the trial court’s lack of jurisdiction over Moore’s appeal. We disagree. The statutory procedures governing decisions regarding unemployment-compensation benefits and appeals therefrom are exclusive. See Ala. Code 1975, § 25-4-96 (providing that the procedure set out in Title 25, Chapter 4, Article 5 of the Code for making determinations with respect to claims for unemployment-compensation benefits and for appealing from such determinations shall be exclusive). Section 25-4-95 provides, in pertinent part:
“Within 30 days after the decision of the board of appeals has become final, any party to the proceeding including the director who claims to be aggrieved by the decision may secure a judicial review thereof by filing a notice of appeal in the circuit court of the county of the residence of the claimant.”
Section 25-4-95 does not mention the payment of a filing fee or the approval of a waiver of the filing fee as a jurisdictional requirement for filing an appeal.
In Rubin v. Department of Industrial Relations, 469 So.2d 657, 657-58 (Ala.Civ.App.1985), a claimant for unemployment-compensation benefits, whose claim had been denied and who, like Moore, had exhausted her administrative remedies, filed a notice of appeal and an affidavit of substantial hardship within the period for filing a notice of appeal to the circuit court. Also like Moore, the request for a waiver of the filing fee filed by the claimant in *332 Rubin was not approved by the circuit court until after the time for filing the appeal had run. Id. at 658. In concluding that the circuit court had jurisdiction over the claimant’s appeal, this court stated, in pertinent part:
“It has been held that the timely filing of a notice of appeal is sufficient to satisfy the jurisdictional requirements of any appellate rule. Edmondson v. Blakey, 341 So.2d 481 (Ala.1976), Moreover, this court has held that the timely filing of a notice of appeal with the circuit court clerk pursuant to section 25-4-95[, Ala.Code 1975,] invokes the jurisdiction of the circuit court. Crawley v. Carter, 378 So.2d 1139 (Ala.Civ.App.1979). The failure to pay the filing fees initially or to obtain a waiver of such filing fee from the court may warrant sanctions, including dismissal of the appeal, at a later time. But when the notice of appeal is timely filed, the circuit court has jurisdiction of the appeal.”
Rubin, 469 So.2d at 658.
In Smith v. State, 660 So.2d 1320, 1324 (Ala.Civ.App.1995), this court, citing Rubin, concluded that the payment of the filing fee for appealing a final tax assessment is not a jurisdictional prerequisite. In so concluding, this court noted that the wording of the statute allowing for such an appeal outlined specifically which matters are jurisdictional and omitted any reference to filing fees. Id. This court further noted the rule of statutory construction stating that the inclusion of certain requirements in the law implies an intent to exclude other requirements not so included. Id. With regard to the present case, § 25-4-95, which, as noted, is exclusive as to the procedures governing determinations regarding unemployment-compensation benefits and appeals therefrom, omits any reference to filing fees. That omission further supports a determination that the payment of filing fees, or the waiver thereof, is not a jurisdictional prerequisite in an appeal from the denial of unemployment-compensation benefits.
We conclude that Rubin, Smith, and similar cases are directly on point and that the circumstances in this case are distinguishable from those in both De-Gas and Ex parte Courtyard Citiflats. Because a line of cases, including Finch, Rubin, and Smith, indicate that appeals from district court to circuit court or from final administrative decisions to circuit court require only the timely filing of a notice of appeal in order for the circuit court to acquire jurisdiction over the appeal, ADOL has failed to prove a clear legal right to the order sought. Thus, the petition is denied.
PETITION DENIED.
THOMPSON, P.J., and PITTMAN,. THOMAS, and DONALDSON, JJ., . concur.