THOMPSON, Presiding Judge.
Walter J. Alexander appeals from a judgment of the Montgomery Circuit Court ("the circuit court") dismissing Alexander's attempt to appeal a judgment of the Montgomery District Court ("the district court").
The record reveals the following information relevant to this appeal. On September 15, 2016, the district court entered a judgment ordering Alexander to pay $6,949.59 plus costs to the Estate of George Bethea ("the estate"). The judgment noted that the parties had 14 days in which to appeal. On September 28, 2016, Alexander filed in the district court a timely notice of appeal and an affidavit of substantial hardship. That same day, the district court entered an order stating that the "affidavit of substantial hardship and order for appeal filed by Alexander ... is hereby denied."
On September 29, 2016, Alexander filed in the circuit court a "motion to reconsider" the district court's denial of his "affidavit of substantial hardship." Alexander attached the affidavit to the motion and asked the circuit court to grant the "affidavit" and waive the filing fee. On September 30, 2016, the estate filed a "motion to quash [Alexander's] motion for reconsideration." In addition to debating Alexander's financial need for a waiver of the filing fee, the estate also argued that the circuit court lacked jurisdiction over the matter because, it said, Alexander had failed to perfect his appeal within 14 days of the entry of the district court's September 15, 2016, judgment. The basis for the estate's assertion was that Alexander's application for a waiver of the filing fee had been denied and Alexander had not paid the filing fee within 14 days of the entry of the judgment. Therefore, the estate said, Alexander's appeal to the circuit court was due to be dismissed.
On October 14, 2016, the circuit court entered an order denying the "affidavit." However, the order also stated that "[t]he circuit court filing fee is hereby waived." That same day, the circuit court entered the following order:
"This matter having come before the court on [the estate's] motion to quash [Alexander's] application for waiver of filing fees and [the estate's] motion to dismiss the appeal with remand to the district court and having considered the same finds that the motions are due to *1172 be granted. It is ordered that [Alexander's] application is quashed and this case is hereby dismissed and remanded to the district court."
On October 17, 2016, Alexander filed a motion to vacate the circuit court's judgment dismissing his appeal. That motion was deemed denied by operation of law on January 17, 2017.[1] Alexander filed a timely notice of appeal to this court on January 24, 2017. The estate did not favor this court with a brief on appeal.
On appeal, Alexander contends that the circuit court erred in dismissing his appeal. We agree. In fact, the estate's argument to the circuit court that the appeal was due to be dismissed based on Alexander's failure to pay the filing fee within 14 days of the entry of the district court's judgment has been rejected by this state's appellate courts.
In Finch v. Finch, 468 So.2d 151 (Ala. 1985), our supreme court held that payment of the filing fee within the time allowed for an appeal is not a jurisdictional requirement for perfecting an appeal. In De-Gas, Inc. v. Midland Resources, 470 So.2d 1218, 1220 (Ala. 1985), our supreme court discussed the law requiring that a filing fee be paid at the time an original complaint is filed in the district or the circuit court and distinguished that law from opinions holding that the payment of the filing fee is not a jurisdictional requirement for perfecting an appeal.
"Observing, among other things, that the limitations period allows for a defendant to be judicially notified of an action being filed against them, our supreme court concluded in De-Gas [, Inc. v. Midland Resources, 470 So.2d 1218 (Ala. 1985),] that the payment of the filing fee or the filing of a court-approved verified statement of substantial hardship is a jurisdictional prerequisite to the commencement of an action for statute-of-limitations purposes. Id. at 1222. The supreme court distinguished its holding in De-Gas, however, from Finch v. Finch, 468 So.2d 151 (Ala. 1985), in which our supreme court held that the payment of the filing fee within the time allowed for an appeal is not a jurisdictional requirement for perfecting an appeal, because the nonappealing party is already aware of the existence of the action in which the appeal is involved and because there is no provision requiring the payment of the filing fee at the time the appeal is filed. 470 So.2d at 1222."
Ex parte Alabama Dep't of Labor, 202 So.3d 329, 331 (Ala. Civ. App. 2016). Furthermore, in the context of appeals to the circuit court from decisions of administrative agencies,
"this court has held that the timely filing of a notice of appeal with the circuit court clerk pursuant to section 25-4-95[, Ala. Code 1975,] invokes the jurisdiction of the circuit court. Crawley v. Carter, 378 So.2d 1139 (Ala. Civ. App. 1979). The failure to pay the filing fees initially or to obtain a waiver of such filing fee from the court may warrant sanctions, including dismissal of the appeal, at a later time. But when the notice of appeal is timely filed, the circuit court has jurisdiction of the appeal."
*1173 Rubin v. Department of Indus. Relations, 469 So.2d 657, 658 (Ala. Civ. App. 1985).
Our research has revealed no legal support for the circuit court's decision to dismiss Alexander's appeal on the ground that Alexander had not filed a filing fee within 14 days of the entry of the district court's judgment. Based on the authorities cited above, we conclude that the circuit court erred in dismissing Alexander's appeal. Accordingly, the circuit court's judgment is reversed, and the cause is remanded to that court for further proceedings.
We note that in its two orders of October 14, 2016, the circuit court entered conflicting instructions. In one order, the circuit court waived the filing fee. In the other order, the circuit court quashed Alexander's application for a waiver of the filing fee. On remand, the circuit court is directed to enter an order clarifying its decision as to whether the filing fee is, in fact, waived.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

Rule 59.1, Ala. R. Civ. P., provides that a postjudgment motion that is not ruled on by the court within 90 days is deemed denied at the expiration of the 90-day period. The 90th day after Alexander's filing of his postjudgment motion on October 17, 2016, was Sunday, January 15, 2017. Monday, January 16, 2017, was a state holiday. Therefore, Alexander's postjudgment motion was deemed denied on Tuesday, January 17, 2017. See Rule 6(a), Ala. R. Civ. P., First Alabama State Bank v. McGowan, 758 So.2d 1116 (Ala. Civ. App. 2000), and Richburg v. Cromwell, 428 So.2d 621 (Ala. 1983) ; see also Williamson v. Fourth Ave. Supermarket, Inc., 12 So.3d 1200, 1203-04 (Ala. 2009).