The defendants, De-Gas, Inc., Stanley L. Graves, Alex F. Farris, and D.O. Harden, bring this interlocutory appeal from the denial, in part, of their motion for summary judgment. The issue presented for our review is whether the delivery of a complaint and summonses to the circuit clerk, without payment of the filing fee required by § 12-19-70, Code of 1975, is sufficient to commence an action for statute of limitations purposes.
On June 14, 1983, plaintiffs delivered summonses and a complaint to the office of the circuit clerk of Jefferson County. The complaint alleged breach of an oral contract and fraud. No filing fee was paid at that time. The complaint and summonses were stamped "filed" on that date, but the clerk did not assign the complaint a case number, list the case in the index of pending actions, docket the case, or forward the summonses and copies of the complaint to the sheriff's office for service. The filing fees were paid by plaintiffs on August 5, 1983, and service was thereafter effected.
The statute of limitations on the fraud claim expired between the time the complaint was delivered to the clerk's office and the time the filing fee was paid. The defendants answered the complaint, asserting that the breach of oral contract claim was barred by the statute of frauds and that the fraud claim was barred by the statute of limitations. They later filed a motion for summary judgment on these grounds. The trial court granted the motion as to the contract claim, but denied the motion on the fraud claim. The court's basis for the latter action was its determination "that the [June 14, 1983] filing was proper" so that the claim was filed within the period allowed by the statute of limitations.
Rule 3, A.R.Civ.P., provides that "[a] civil action is commenced by filing a complaint with the court." Under Rule 5 (e), "[t]he filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk or register of the court." Plaintiffs argue that delivery to and receipt by the clerk's office are the essential elements of "filing" a complaint; therefore, they say, the June 14 delivery constituted a filing and commenced the action under Rule 3, thereby avoiding the running of the statute of limitations.
Rule 3 was adopted January 3, 1973, and went into effect July 3, 1973. At that time, clerks of the circuit courts were "entitled to receive" a fee under Title 11, § 21, Code of 1940, for the filing of a suit. However, this fee was due "only at the termination of the suit." Title 11, § 4. Consequently, under these statutes, delivery to and receipt by the clerk's office of a complaint *Page 1220 
would commence the action in that the clerk's office would at that time perform the tasks necessary to set the case in motion, such as docketing the case, assigning it a case number, and forwarding the complaint and summonses to the sheriff's office for service. Under this scheme, the payment of fees was clearly not a factor in determining whether a suit was commenced under Rule 3.
The fee payment procedure was changed in 1975 when the legislature enacted what is now § 12-19-70, which provides:
 "(a) There shall be a consolidated civil filing fee, known as a docket fee, collected from a plaintiff at the time a complaint is filed in circuit court or in district court.
 "(b) The docket fee may be waived initially and taxed as costs at the conclusion of the case if the court finds that payment of the fee will constitute a substantial hardship. A verified statement of substantial hardship, signed by the plaintiff and approved by the court, shall be filed with the clerk of court." (Emphasis added.)
The use of the term "shall" in this provision makes the payment of the filing fee mandatory. See Prince v. Hunter,388 So.2d 546, 547 (Ala. 1980). It was the obvious intent of the legislature to require that either the payment of this fee or a court-approved verified statement of substantial hardship accompany the complaint at the time of filing. No doubt the purpose behind the passage of this provision was to discourage the filing of frivolous suits and to insure that the clerks of the circuit courts do not become "credit men." Cf. Turkett v.United States, 76 F. Supp. 769 (N.D.N.Y. 1948) (holding that payment of the filing fee is a prerequisite to filing an action under Rule 3, Fed.R.Civ.P., which is identical to our Rule 3, and 28 U.S.C.A., § 549 (now 28 U.S.C.A., § 1914), which provides that the party instituting a civil action must pay a filing fee, and commenting, "Any other construction would open the door to actions without merit by irresponsible parties, and make the clerk a credit man, whose accountability might result in his personal loss," 76 F. Supp. at 770).
This Court has recognized that "a mere filing of a complaint is not commencement in all cases." Ward v. Saben Appliance Co.,391 So.2d 1030, 1032 (Ala. 1980). While "[t]he filing of a complaint is . . . a significant factor in commencing actions and suspending the operation of applicable statutes of limitations; . . . it is not the sole factor." (Emphasis added.) Id. We must decide whether, in light of the above-noted legislative change in the fee payment procedure, the prepayment of the filing fee is now a factor to be considered in determining whether a suit has been commenced, thereby avoiding the running of the statute of limitations. We hold that it is.
In Bagby Elevator Electric Co. v. McBride, 292 Ala. 191,197, 291 So.2d 306, 311 (1974), this Court noted:
 "Alabama cases bottom a statute of limitations on a policy of repose and they rest on the presumption that meritorious claims will not be allowed to slumber until human testimony is lost or human memory fails. . . ."
We observed in Seybold v. Magnolia Land Co., 376 So.2d 1083,1086 (Ala. 1979):
 "Statutes of limitations are founded in part at least on general experience that claims which are valid usually are not allowed to remain neglected, and that the lapse of years without any attempt to enforce a demand creates a presumption against its original validity or that it has ceased to exist. The basic principle most generally relied on by the authorities is that statutes of limitations are statutes of repose, the object of which is to prevent fraudulent and stale claims from springing up after long periods of time and surprising the parties or their representatives when evidence has become lost or the facts have become obscure from the lapse of time. . . .
 "Because the burden of avoiding the running of the statute is on the claimant, the problem of when and if a statute has run is a query properly directed to the diligence of the claimant. . . ." *Page 1221 
Clearly, then, "[t]he most important and essential element of interruption of [the running of the limitations period] is that defendant be judicially notified of the rights which are sought and of plaintiff's intent to proceed with the action." (Emphasis added.) 54 C.J.S. Limitations of Actions § 264 at p. 294 (1948).
The parties stipulated to the following testimony:
 "I am Polly Conradi, Clerk of the Circuit Court for the Tenth Judicial Circuit, Jefferson County, Alabama. The Complaint in the case of Midland Resources, et al. v. DeGas, et al., CV 83 4067, was stamped `filed' by our office on June 14, 1983. The filing fees on this action were not paid until August 5, 1983, and no case number was assigned until after the fees were paid. The case was not entered in the index of pending actions until after the filing fee had been paid. Our records reflect no attempt to serve the Complaint until after the fee was paid.
 "I do not know the reason for delay in assigning a case number and effecting service in this particular instance. Ordinarily, a complaint is stamped `filed,' the filing fees are collected, and a case number is assigned on the same day. Service then is effected shortly thereafter. However, if an attorney for some reason does not pay the filing fees when a complaint is first presented to us, our office follows a policy of stamping the complaint `filed' and holding it until the fees are paid. Until we receive the filing fees for such a complaint, no case number is assigned, it is not entered in the index of pending actions, and it is not served on the defendant." (Emphasis added.)
It is abundantly clear from this testimony that, unless the filing fees are paid at the time a complaint is filed, there is absolutely no judicial notice to a defendant that an action has been filed against him. Regardless of the fact that the clerk's office stamped the complaint and summonses "filed" on June 14, no real action was taken to set this suit in motion until the filing fees were paid, by which time the limitations period had expired. Not only were the defendants not notified by personal or other service, but they could not even have gone to the clerk's office and found evidence that a suit had been filed against them because the case was not listed in the index of pending actions. Thus, the defendants received no more notice of this action than if the plaintiffs' attorney had retained the complaint in his desk drawer.
In the case of Ward v. Saben Appliance Co., supra, decided by this Court in 1980, a complaint containing a negligence claim was filed on the last day of the applicable one-year limitations period. At the time of filing, however, plaintiff's attorney "directed the clerk to withhold personal service until he could obtain additional information on the case." 391 So.2d at 1031. As a result, the defendants were not served until long after the limitations period had expired. This Court held:
 "[T]he action was not `commenced' when it was filed with the circuit clerk because it was not filed with the bona fide intention of having it immediately served. To hold otherwise would permit a party to extend unilaterally the period of limitations by an oral request that actual service be withheld, thereby giving that party an additional period of time within which he could conduct an investigation to determine whether in fact, he had a claim. To permit this would violate the fundamental concept of repose found within every statute of limitations." 391 So.2d at 1035.
This holding was reaffirmed in Freer v. Potter,413 So.2d 1079 (Ala. 1982), and Finkelstein v. Lovell,449 So.2d 1240 (Ala. 1984).
Although Ward, Freer, and Finkelstein involved instructions by plaintiff's counsel to withhold service rather than the non-payment of filing fees, we find the principles set out in those cases to be applicable to the present situation. By failing to pay at the time of filing the complaint the filing fee mandated by §12-19-70, the *Page 1222 
plaintiffs not only caused service to be withheld but effectively precluded any action by the clerk's office necessary to actually set the case in motion. We can only conclude that plaintiffs did not have a bona fide
intent, at the time of filing, to proceed with this action. Consequently, this action was not "commenced" at the time of filing and the statute of limitations continued to run so as to bar the action.
The present case is readily distinguished from Finchv. Finch, 468 So.2d 151 (Ala. 1985), wherein this Court held that payment of the filing fee within the time allowed for an appeal is not a jurisdictional requirement for perfecting an appeal. Where an appeal
is involved, the non-appealing party is already well aware of the existence of the action. Further, although a filing fee is required in an appeal, there is no provision requiring the payment of the fee at the timethe appeal is filed. In fact, as we noted in Finch, §12-22-25, requiring security for costs in appeals, specifically provides that "the filing of security for costs is not a jurisdictional prerequisite."
In contrast, § 12-19-70 requires the payment of filing fees or a court-approved verified statement of financial hardship at the time of filing the complaint.
Moreover, the defendant in an initial action cannot know of the existence of the suit against him until certain judicial activity is undertaken. As we demonstrated above, no actual judicial activity is undertaken until the required fees are paid. Accordingly, we hold that the payment of the fees required by § 12-19-70 or the filing of a court-approved verified statement of substantial hardship is a jurisdictional prerequisite to the commencement of an action for statute of limitations purposes.
For the reasons stated above, the judgment of the Circuit Court of Jefferson County is reversed and this cause remanded to the trial court for an order consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Justices concur.