Virginia A. Mace filed a negligence action against Centel Business Systems and South Central Bell Telephone Company on the last day of the statutory period of limitations, i.e., two years after her alleged injury. She did not pay the filing fee, however, and although she attached an affidavit of substantial hardship, that affidavit had not been approved by a circuit judge. See Ala. Code 1975, § 12-19-70. Furthermore, Mace did not include the address of either defendant, a summons to be served on either defendant, or any instructions for service of process or any explanation for the lack of such instructions. Both defendants filed motions for summary judgment on the ground that the claim was barred by the statute of limitations, and the trial court entered summary judgment for the defendants.
Alabama Code 1975, § 12-19-70, reads:
 "(a) There shall be a consolidated filing fee, known as a docket fee, collected from a plaintiff at the time a complaint is filed in circuit court or in district court.
 "(b) The docket fee may be waived initially and taxed as costs at the conclusion of the case if the court finds that payment of the fee will constitute a substantial hardship. A verified statement of substantial hardship, signed by the plaintiff and approved by the court, shall be filed with the clerk of court."
This Court has held that an action is not commenced for purposes of the statute of limitations if it is not filed "with the bona fide intention of having it immediately served." Wardv. Saben Appliance Co., 391 So.2d 1030, 1035 (Ala. 1980). InWard, the plaintiff filed the complaint on the last day of the statutory period of limitations, but instructed the clerk to withhold service of process. This Court affirmed a summary judgment entered for the defendants. Instructions to withhold service also led to affirmance, on the authority of Ward, of summary judgments for defendants in Freer v. Potter,413 So.2d 1079 (Ala. 1982), and Finkelstein v. Lovell, 449 So.2d 1240
(Ala. 1984).
Similarly, this Court held in De-Gas, Inc. v. MidlandResources, 470 So.2d 1218, 1222 (Ala. 1985), that "the payment of the fees required by § 12-19-70 or the filing of a court-approved verified statement of substantial hardship is a jurisdictional prerequisite to the commencement of an action for statute of limitations purposes."
More recently, this Court held that the failure to provide instructions for service of process or an explanation of why no such instructions are provided falls within the Ward and De-Gas
holdings:
 "The single issue presented is whether the statute of limitations is complied with by the filing of a complaint within the statutory period but without any instructions with regard to serving the defendant with process and without any explanation as to why no instructions are included. We hold that the statute bars *Page 72 
this claim, and reverse the judgment of the trial court."
Pettibone Crane Co. v. Foster, 485 So.2d 712, 713 (Ala. 1986). In Pettibone, an amended complaint adding Pettibone as a defendant was filed on the last day of the limitations period, but "[the amended complaint] did not provide Pettibone's address, nor any instructions with regard to service of process." Id. Four days later, the circuit clerk requested the necessary materials for service, which the plaintiff's attorney provided four weeks afterwards.
On the authority of the above-cited cases, the judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.