SHAW, Justice,-
Courtyard Citiflats, LLC, and Action Property Management, L.L.C. (hereinafter collectively referred to as “Citiflats”), the defendants below,[1] petition this Court for a writ of mandamüs directing the Montgomery Circuit Court to dismiss the complaint of the plaintiff, Coretta Arrington, as untimely filed. We grant the petition and issue the writ.

Facts and Proced/wral History

On July 18, 2014, Arrington filed, both individually and in her capacity as the administrator of the estate of her deceased minor child, a complaint against Citiflats. Arrington’s complaint alleged tort-based claims in connection with the death of Ar-rington’s child as the result of injuries allegedly sustained on July 24, 2012, on *789 premises owned and managed by Citiflats. Arrington’s complaint was accompanied by an “Affidavit of Substantial Hardship” (hereinafter referred to as “the hardship statement”) alleging that Arrington was unable to pay the corresponding filing fee. See § 12-19-70, Ala.Code 1975.[2] It is undisputed that, at the time it was filed, the hardship statement had not been approved by the trial court as required by § 12 — 19— 70(b). Arrington’s complaint was also accompanied by the summonses necessary for service on the named defendants, which were stamped “filed” by the clerk of the trial court on the filing' date.
On August 18, 2014 — after the July 24, 2014, expiration of the applicable two-year statute of limitations — the trial court entered an order purporting to approve the hardship statement. On August 19, 2014, the clerk of the trial court issued the previously filed summonses for service.
Citiflats filed a motion pursuant to Rule 12(b)(6), Ala. R. Civ. P., seeking to dismiss Arrington’s complaint on the ground that the statutory limitations period had expired without the payment of a filing .fee or the approval of a hardship statements— either of which, according to Citiflats, was necessary to commence the action and to invoke the jurisdiction of the trial court. Relying on prior authority from this Court, notably De-Gas, Inc. v. Midland Resources, 470 So.2d 1218 (Ala.1985), and Mace v. Centel Business Systems, 549 So.2d 70 (Ala.1989), Citiflats alleged that the mere filing of "Arrington’s complaint without payment of the “filing fee or approval of the hardship statement was insufficient to commence the action for statute-of-limitations purposes; thus, Citiflats contended, all of Arrington’s claims were time-barred.
In her opposition to the dismissal motion, Arrington, among her other arguments, attempted to distinguish the present case from the authorities cited by Citiflats and requested, pursuant to Hornsby v. Sessions, 703 So.2d 932 (Ala.1997), that the trial court enter an order nunc pro tunc deeming its approval of the hardship statement as having been “retroactively entered” on the original filing date.
After a hearing, the trial court, on'November 5, 2014, entered, over Citiflats’ opposition, ah order approving the hardship statement “Nunc Pro Tunc retroactive to [the original] filing date”; shortly thereafter, the trial court entered a second order denying Citiflats’ motion to dismiss. Citif-lats promptly filed this petition for a writ of mandamus,

Standard of Review

A writ of mandamus will be granted where there is
“ ‘ “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” ’
'‘‘Ex parte Ocwen Federal Bank, FSB, 872 So.2d 810, 813 (Ala.2003) (quoting Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991)). Mandamus will lie to direct a trial court to vacate a void judgment *790 or order. Ex parte Chamblee, 899 So.2d 244, 249 (Ala.2004).”
Ex parte Sealy, L.L.C., 904 So.2d 1230, 1232 (Ala.2004).

Discussion

In its petition, Citiflats maintains that either the payment of the requisite filing fee or the trial court’s approval of the hardship statement was a jurisdictional prerequisite for the commencement of -Ar-rington’s action. More specifically, Citif-lats contends that the trial court exceeded its discretion in issuing an order “nunc pro tunc ” in an effort to cure a jurisdictional defect. Although this Court is aware of the unfortunate result from Arrington’s perspective, and despite her attempts to demonstrate that the authorities cited by Citiflats are inapposite, we must agree that the authorities cited by Citiflats are both applicable and controlling: caselaw clearly dictates that the payment of a filing fee or the’ preapproval of the' hardship statement is a jurisdictional prerequisite to the commencement of Arrington’s action.
Here, it is undisputed that Arrington timely filed her complaint — accompanied by the hardship statement — within the applicable limitations period. This Court has repeatedly cautioned, however, that mere filing, alone, is not always sufficient to commence an action and to toll the running of the limitations period:
“Although Rule 3, Ala. R. Civ. P., states that ‘[a] civil action is commenced by filing a complaint with the court,’ this Court has held that the filing of a complaint is not the sole factor in determining when an action is ‘commenced.’' A major function of Rule 3, Ala. R. Civ. P., is to identify, with certainty, the specific time when a civil action is initiated. The filing of a complaint is, therefore, a significant factor in commencing an action and, suspending the operation of the, applicable statute of limitations; however, it is not the sole factor. Ward v. Saben Appliance Co., 391 So.2d 1030, 1032 (Ala.1980). This Court has held that the filing of a complaint, standing alone, does not commence an action for statute-of-limitations purposes.”
Ex parte East Alabama Mental Health-Mental Retardation Bd., Inc., 939 So.2d 1, 3 (Ala.2006).
In De-Gas, supra, the plaintiffs delivered both summonses and a complaint to the clerk of the trial court, who stamped the items “filed” on the date they were delivered. 470 So.2d at 1219. However, the plaintiffs neglected to pay the filing" fee at that time. Over one month later, the plaintiffs paid the filing fee, and service was then effected; however, the statute of limitations on at least one of the plaintiffs’ claims had expired between the filing of the complaint and the payment of the filing fee. In’ rejecting the claim that the delivery of the complaint and summonses without the payment of the filing was sufficient to commence the action for statute-of-limitations purposes, this Court explained:
“The use of the term ‘shall’ in [§ 12-19-70] makes the payment of the filing fee'mandatory. See Prince v. Hunter, 388 So.2d 546, 547 (Ala.1980). It was the obvious intent of the legislature to require that either the payment of this fee or a court-approved verified statement of substantial hardship accompany the complaint at the time of filing.”
470 So.2d at 1220 (first emphasis added),
In reaching that conclusion in De-Gas, we further noted that ‘“[t]he most important and essential element of interruption of [the running of the limitations period] is that defendant be judicially notified of the rights which are sought-and of plaintiffs intent to proceed with the action.’ ” 470 So.2d at 1221 (quoting 54 C.J.S. Limitations of. Actions § 264 at p. 294 (1948)). Thus, we held that “the payment of the *791 fees required by § 12-19-70 or the filing of a court-approved verified’ statement of substantial hardship is a jurisdictional- prerequisite to the commencement of an action for statute of limitations purposes.” 470 So.2d at 1222 (emphasis added). See also Reynolds v. Sheppard, 818 So.2d 389, 391 (Ala.2001) (“Unless -the filing fee is paid or a court-approved verified statement of substantial hardship is filed within the limitations period, the action-has’not been commenced within that period.” (emphasis ’ added)); Ex parte Beavers, 779 So.2d 1223, 1225 (Ala.2000) (concluding, where the circuit court had ruled on the merits of postconviction petition after it had denied petitioner’s request to proceed in forma pauperis, that, solely “[bjecause the circuit court denied [petitioner’s]'-request to proceed in forma pauperis, it lacked jurisdiction to rule on the merits of his petition”); Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008) (“The payment of a filing fee or the filing of a court-approved verified statement of substantial hardship is a jurisdictional prerequisite to the commencement of an action.” (emphasis added)); Carpenter v. State, 782 So.2d 848, 850 (Ala.Crim.App.2000) (dismissing the appeal as from- a void judgment where trial court had purported to rule on affidaT vit of substantial hardship at the conclusion of the underlying proceeding on ground that “[a] trial court does not obtain jurisdiction of an action until either a filing fee is paid or the fee is properly waived according to § 12-19-70” (emphasis added)); and Goldsmith v. State, 709 S.o.2d 1352, 1353 (Ala.Crim.App.1997) (“[Ajbsent payment of the filing fee or approval of the in forma pauperis declaration, the circuit court does not acquire subject-matter jurisdiction.” (emphasis added)).
Mace, supra, similarly involved a plaintiff, who filed a complaint at or near the statutory deadline with an accompanying; but unapproved, affidavit of substantial hardship. Relying on De-Gas,, among other cases, we affirmed, on direct appeal, a summary judgment for the defendants .on the ground that the plaintiffs claim was barred by the applicable statute of limitations. 549 So.2d at 71. ■ It is true, as Arrington notes, that the plaintiff in Mace also failed to include, at the time of filing, the summonses and information' necessary to accomplish service on the defendants— which the Court considered evidence of Mace’s lack of intent actually to commence the lawsuit at filing. Id. We note, however, that, despite the inclusion of the summonses with her complaint, Arrington’s failure to pay the filing fee or to submit á court-approved hardship statement at the time of filing, resulted-in a similar delay in the service of her own summonses. Moreover, in De-Gas, we specifically concluded that cases in which service Was withheld on instruction of the plaintiff were applicable to cases involving nonpayment of filing fees:
“By failing to pay at the' time of filing the complaint the filing feé mandated by § 12-19-70, the plaintiffs not only caused sérvice to be withheld but effectively precluded any action by the clerk’s office necessary to actually set the case in motion.”
470 So.2d at 1221-22. Despite Arrington’s attempt to demonstrate otherwise, the facts in Mace appear indistinguishable from those in the present case.[3] As Ar-rington notes, the provision for-proceeding in forma pauperis is ah attempt to make sure even our poorest citizens receive ac *792 cess to.our courts for the redress of perceived grievances; ’ nonetheless, to gain that access, parties proceeding in forma pauperis must nevertheless comply with the accompanying filing prerequisites. See § 12-19-70(b), Ala.Code 1975.
In light of the foregoing, the trial court lacked the authority to grant Arring-ton’s request for a nunc pro tunc order retroactively approving the hardship statement, See State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1028 (Ala.1999) (“ ‘[A] jurisdictional defect ... .cannot be cured nunc pro tunc back to the date when the original complaint was filed.’” (quotipg Tyler House Apartments, Ltd. v. United States, 38 Fed.Cl. 1, 7 (1997))); Farmer v. Farmer, 842 So.2d 679, 681 (Ala.Civ.App.2002) (“The failure to pay the filing or docketing fee is a jurisdictional defect.”).[4]
Finally, because the identified defect was jurisdictional, it would not appear to be, as Arrington urges, subject to principles of equitable tolling. In any event, Arrington has failed to allege circumstances sufficient to demonstrate that she is entitled to equitable tolling; specifically, as Citiflats notes, Arrington offers no explanation — much less an “extraordinary” circumstance — either for her failure to seek approval of the hardship statement prior to filing or for waiting until six days before the expiration of the limitations period to Tile the hardship statement. See Weaver v. Firestone, 155 So.3d 952, 957-58 (Ala.2013) (“ ‘[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his wa/ as to the filing of his action. Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).”). See also Ex parte Ward, 46 So.3d 888, 897 (Ala.2007) (holding that “equitable tolling is available in extraordinary circumstances that are beyond the petitioner’s control and that are unavoidable even with the exercise of diligence”). Certainly, nothing suggests that any action by or on behalf of Citiflats either caused or contributed to Arrington’s delay.

Conclusion

“A writ of mandamus is a drastic and extraordinary remedy, and to justify issuance of such a writ there must be a clear showing of injury to the petitioner.” Ex parte Thomas, 628 So.2d 483, 485 (Ala.1993) (citing Ex parte J.E.W., 608 So.2d 728 (Ala.1992) (emphasis added)). Because we hold that the trial court erred in refusing to dismiss Arrington’s complaint as untimely, we conclude that Citiflats has made the requisite showing of a clear legal *793 right to the relief sought. Ex parte Hodge, 153 So.3d 734 (Ala.2014). We therefore grant the petition and issue the writ of mandamus directing the Montgomery Circuit Court to dismiss Arrington’s complaint.
PETITION GRANTED; WRIT ISSUED.
STUART, BOLIN, PARKER, WISE, and BRYAN, JJ., concur.
MOORE, C.J., and MURDOCK, J., dissent.

. Based on the limited materials before us, it appears that Courtyard Cítiflats, 'LLC, and Action Property Management; 'L.L.C., are, respectively, the owner of an apartment complex and the management company for the complex.

. Section 12-19-70 provides'as follows:
"(a) There shall be a consolidated .civil filing fee, known as a docket fee, collected from a plaintiff at the time a complaint is filed' in circuit court or in district court.
"(b) The docket fee may be waived initially and taxed as costs at the conclusion of the case if the court finds that payment of the fee will constitute a substantial hardship, A verified statement of substantial hardship, signed by the plaintiff and approved by the court, shall be filed with the clerk of court.”
(Emphasis added.)

. In her answer to Citiflats’ petition, Arring-ton identifies minor factual distinctions between the identified precedents and the facts of her case and identifies exceptions she con•tends prevent the application here of those cases, Arrington does not, however, argue that those cases were wrongly decided, nor does she request that they be overruled,

. We note, too, as Citiflats argued both in the trial court and on appeal, that, even considering the minor typographical error consisting of the transposition of Arrington's first and last names in its August 18, 2014, order, the trial court's November 5, 2014, order does not appear to fall within the limited category of situations in which a judgment nunc pro tunc may be applied — nor was that error a ground cited by Arrington in support of her request for its issuance. See Ex parte Brown, 963 So.2d 604, 608 (Ala.2007) (" ‘ " ‘The object of a judgment nunc pro tunc is not the rendering of a new judgment and the ascertainment and' determination of new rights, but is one placing in proper form on the record, the judgment that had been previously rendered, to make it speak the truth, so as to make it show what the judicial action really was, not to correct judicial errors, such as to render a judgment which the court ought to have rendered, in the place of the one it did erroneously render, nor to supply non-action by the court, however erroneous the judgment may have been.' ” ’ ” (quoting other cases)). See also BMJA, LLC v. Murphy, 41 So.3d 751, 756 (Ala.2010); Hornsby, supra. We likewise conclude that the court’s inherent authority to control "calendaring” within its own docket under Rule 16, Ala. R. Jud. Admin., fails to supply sufficient authority for the trial court's action in entering the nunc pro tunc order.