MAIN, Justice.
CVS Pharmacy, L.L.C. (“CVS”), petitions this Court for a writ of mandamus directing the Montgomery Circuit Court to dismiss the complaint of the plaintiff, Mildred Scott, as untimely filed. We grant the petition and issue the writ.

Facts and Procedural History

On August 26, 2015, Scott filed a complaint asserting negligence and wantonness claims against CVS. According to the complaint, while shopping in a CVS store on September 2, 2013, Scott was injured when she slipped and fell on an unknown substance near the entrance of the store. Scott did not pay a filing fee when she filed the complaint. Along with the complaint, however, Scott filed an “Affidavit of Substantial Hardship,” indicating that she was unable to pay the filing fee. See § 12-19-70, Ala.Code 1975. On September 23, 2015, the circuit court entered an order purporting to declare Scott indigent and to waive the filing fee. On that same day, the summons against CVS was issued, and CVS was served with the summons and complaint on September 28, 2015. On October 9, 2015, the circuit court entered an order apparently reversing its earlier order and purporting to deny Scott’s affidavit of substantial hardship. On October 14, 2015, Scott paid the filing fee. On October 15, 2015, CVS filed a motion to dismiss Scott’s complaint on the ground that the applicable two-year statutory limitations period[1] had expired without the payment of the filing fee or the approval of *1113 Scott’s affidavit of substantial hardship— either of which, CVS says, was necessary to commence the action and to invoke the jurisdiction of the circuit court. On December 2, 2015, the circuit court denied CVS’s motion to dismiss. CVS then filed this petition for a writ of mandamus.

Standard of Review

“A writ of mandamus will be granted where there is
“ ‘ “ ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ”
“ ‘Ex parte Ocwen Federal Bank, FSB, 872 So.2d 810, 813 (Ala.2003) (quoting Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991)).... ’
“Ex parte Sealy, L.L.C., 904 So.2d 1230, 1232 (Ala.2004).”
Ex parte Courtyard Citiflats, LLC, 191 So.3d 787, 789-90 (Ala.2015).

Discussion

The present case is virtually indistinguishable from the situation that was before this Court in Courtyard Citiflats. Thus, as explained below, based on that decision, we grant CVS’s petition and issue the writ.
Section 12-19-70, Ala.Code 1975, provides:
“(a) There shall be a consolidated civil filing fee, known as a docket fee, collected from a plaintiff at the time a complaint is filed in circuit court or in district court.
“(b) The docket fee may be waived initially and taxed as costs at the conclusion of the ease if the court finds that payment of the fee will constitute a substantial hardship. A verified statement of substantial hardship, signed by the plaintiff and approved by the court, shall be filed with the clerk of court.”
In Courtyard Citiflats, this Court set forth the facts and procedural history of that case as follows:
“On July 18, 2014, [Coretta] Arrington filed, both individually and in her capacity as the administrator of the estate of her deceased minor child, a complaint against [Courtyard Citiflats, L.L.C., and Action Property' Management, L.L.C. (‘Citiflats’)]. Arrington’s complaint alleged tort-based claims in connection with the death of Arrington’s child as the result of injuries allegedly sustained on July 24, 2012, on premises owned and managed by Citiflats. Arrington’s complaint was accompanied by an ‘Affidavit of Substantial Hardship’ (hereinafter referred to as ‘the hardship statement’) alleging that Arrington was unable to pay the corresponding filing fee. See § 12-19-70, Ala.Code 1975. It is undisputed that, at the time it was filed, the hardship statement had not been approved by the trial court as required by § 12-19-70(b). Arrington’s complaint was also accompanied by the summonses necessary for service on the named defendants, which were stamped ‘filed’ by the clerk of the trial court on the filing date.
“On August 18, 2014 — after the July 24, 2014, expiration of the applicable two-year statute of limitations — the trial court entered an order purporting to approve the hardship statement. On August 19, 2014, the clerk of the trial court issued the previously filed summonses for service.
“Citiflats filed a motion pursuant to Rule 12(b)(6), Ala. R. Civ. P., seeking to dismiss Arrington’s complaint on the ground that the statutory limitations pe *1114 riod had expired without the payment of a filing fee or the approval of a hardship statement — either of which, according to Citiflats, was necessary to commence the action and to invoke the jurisdiction of the trial court. Relying on prior authority from this Court, notably De-Gas, Inc. v. Midland Resources, 470 So.2d 1218 (Ala.1985), and Mace v. Centel Business Systems, 549 So.2d 70 (Ala. 1989), Citiflats alleged that the mere filing of Arrington’s complaint without payment of the filing fee or approval of the hardship statement was insufficient to commence the action for statute-of-limitations purposes; thus, Citiflats contended, all of Arrington’s claims were time-barred.
“In her opposition to the dismissal motion, Arrington, among her other arguments, attempted to distinguish the present case from the authorities cited by Citiflats and requested, pursuant to Hornsby v. Sessions, 703 So.2d 932 (Ala. 1997), that the trial court enter an order nunc pro tunc deeming its approval of the hardship statement as having been ‘retroactively entered’ on the original filing date.
“After a hearing, the trial court, on November 5, 2014, entered, over Citif-lats’ opposition, an order approving the hardship statement ‘Nunc Pro Tunc retroactive to [the original] filing date’; shortly thereafter, the trial court entered a second order denying Citiflats’ motion to dismiss. Citiflats promptly filed this petition for a writ of mandamus.”
Courtyard Citiflats, 191 So.3d at 788-89 (footnote omitted).
Based on that factual situation, this Court held that the circuit court erred in refusing to dismiss Arrington’s complaint as untimely and granted the petition and issued the writ of mandamus directing the circuit court to dismiss Arrington’s complaint. Because the facts here and those in Courtyard Citiflats are indeed indistinguishable, the reasoning in Courtyard Ci-tiflats is applicable in the factual situation with which we are presented. In Courtyard Citiflats, this Court reasoned:
“In its petition, Citiflats maintains that either the payment of the requisite filing fee or the trial court’s approval of the hardship statement was a jurisdictional prerequisite for the commencement of Arrington’s action. More specifically, Citiflats contends that the trial court exceeded its discretion in issuing an order ‘nunc pro tunc ’ in an effort to cure a jurisdictional defect. Although this Court is aware of the unfortunate result from Arrington’s perspective, and despite her attempts to demonstrate that the authorities cited by Citiflats are inapposite, we must agree that the authorities cited by Citiflats are both applicable and controlling: caselaw clearly dictates that the payment of a filing fee or the preapproval of the hardship statement is a jurisdictional prerequisite to the commencement of Arrington’s action.
“Here, it is undisputed that Arrington timely filed her complaint — accompanied by the hardship statement — within the applicable limitations period. This Court has repeatedly cautioned, however, that mere filing, alone, is not always sufficient to commence an action and to toll the running of the limitations period:
“ ‘Although Rule 3, Ala. R. Civ. P., states that “[a] civil action is commenced by filing a complaint with the court,” this Court has held that the filing of a complaint is not the sole factor in determining when an action is “commenced.” A major function of Rule 3, Ala. R. Civ. P., is to identify, with certainty, the specific time when *1115 a civil action is initiated. The filing of a complaint is, therefore, a significant factor in commencing an action and suspending the operation of the applicable statute of limitations; however, it is not the sole factor. Ward v. Saben Appliance Co., 391 So.2d 1030, 1032 (Ala.1980). This Court has held that the filing of a complaint, standing alone, does not commence an action for statute-of-limitations purposes.’
“Ex parte East Alabama Mental Health-Mental Retardation Bd., Inc., 939 So.2d 1, 3 (Ala.2006).
“In De-Gas, [Inc. v. Midland Resources, 470 So.2d 1218 (Ala.1985) ], the plaintiffs delivered both summonses and a complaint to the clerk of the trial court, who stamped the items ‘filed’ on the date they were delivered. 470 So.2d at 1219. However, the plaintiffs neglected to pay the filing fee at that time. Over one month later, the plaintiffs paid the filing fee, and service was then effected; however, the statute of limitations on at least one of the plaintiffs’ claims had expired between the filing of the complaint and the payment of the filing fee. In rejecting the claim that the delivery of the complaint and summonses without the payment of the filing [fee] was sufficient to commence the action for statute-of-limitations purposes, this Court explained:
‘“The use of the term “shall” in [§ 12-19-70] makes the payment of the filing fee mandatory. See Prince v. Hunter, 388 So.2d 546, 547 (Ala. 1980). It was the obvious intent of the legislature to require that either the payment of this fee or a court-approved verified statement of substantial hardship accompany the complaint at the time of filing.’
“470 So.2d at 1220 (first emphasis added).
“In reaching that .conclusion in DeGas, we further noted that “ ‘[t]he most important and essential element of interruption of [the running of the limitations period] is that defendant be judicially notified of the rights which are sought and of plaintiffs intent to proceed with the action.” ’ 470 So.2d at 1221 (quoting 54 C.J.S. Limitations of Actions § 264 at p. 294 (1948)). Thus, we held that ‘the payment of the fees required by § 12-19-70 or the filing of a court-approved verified statement of substantial hardship is a jurisdictional prerequisite to the commencement of an action for statute of limitations purposes.’ 470 So.2d at 1222 (emphasis added). See also Reynolds v. Sheppard, 818 So.2d 389, 391 (Ala.2001) (‘Unless the filing fee is paid or a court-approved verified statement of substantial hardship is filed within the limitations period, the action has not been commenced within that period.’ (emphasis added)); Ex parte Beavers, 779 So.2d 1223, 1225 (Ala.2000) (concluding, where the circuit court had ruled on the merits of postconviction petition after it had denied' petitioner’s request to proceed in forma pauperis, that, solely ‘[b]ecause the circuit" court denied [petitioner’s] request to proceed in forma pauperis, it lacked jurisdiction to rule on the merits of his petition’); Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008) (‘The payment of a filing fee or the filing of a court-approved verified statement of substantial hardship is a jurisdictional prerequisite to the commencement of an action.’ (emphasis added)); Carpenter v. State, 782 So.2d 848, 850 (Ala.Crim.App.2000) (dismissing the appeal as from a void judgment where trial court had purported to rule on affidavit of substantial hardship at the conclusion of the underlying proceeding on ground that ‘[a] trial court does not obtain jurisdiction of an action *1116 until either a filing fee is paid or the fee is properly waived, according to § 12-19-70’ (emphasis added)); and Goldsmith v. State, 709 So.2d 1352, 1353 (Ala.Crim.App.1997) (‘[A]bsent payment of the filing fee or approval of the in forma pauperis declaration, the circuit court does not acquire subject-matter jurisdiction.’ (emphasis added)).
“Mace [v. Centel Business Systems, 549 So.2d 70 (Ala.1989)], similarly involved a plaintiff who filed a complaint at or near the statutory deadline with an accompanying, but unapproved, affidavit of substantial hardship. Relying on DeGas, among other cases, we affirmed, on direct appeal, a summary judgment for the defendants on the ground that the plaintiffs claim was barred by the applicable statute of limitations. 549 So.2d at 71. It is true, as Arrington notes, that the plaintiff in Mace also failed to include, at the time of filing, the summonses and information necessary to accomplish service on the defendants — which the Court considered evidence of Mace’s lack of intent actually to commence the lawsuit at filing. Id. We note, however, that, despite the inclusion of the summonses with her complaint, Arrington’s failure to pay the filing fee or to submit a court-approved hardship statement at the time of filing resulted in a similar delay in the service of her own summonses. Moreover, in De-Gas, we specifically concluded that cases in which service was withheld on instruction of the plaintiff were applicable to cases involving nonpayment of filing fees:
“ ‘By failing to pay at the time of filing the complaint the filing fee mandated by § 12-19-70, the plaintiffs not only caused service to be withheld but effectively precluded any action by the clerk’s office necessary to actually set the case in motion.’
“470 So.2d at 1221-22. Despite Arring-ton’s attempt to demonstrate otherwise, the facts in Mace appear indistinguishable from those in the present case. As Arrington notes, the provision for proceeding in forma pauperis is an attempt to make sure even our poorest citizens receive access to our courts for the redress of perceived grievances; nonetheless, to gain that access, parties proceeding in forma pauperis must nevertheless comply with the accompanying filing prerequisites. See § 12-19-70(b), Ala. Code 1975.
“In light of the foregoing, the trial court lacked the authority to grant Ar-rington’s request for a nunc pro tunc order retroactively approving the hardship statement. See State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1028 (Ala.1999) (‘ “[A] jurisdictional defect ... cannot be cured nunc pro tunc back to the date when the original complaint was filed.” ’ (quoting Tyler House Apartments, Ltd. v. United States, 38 Fed.Cl. 1, 7 (1997))); Farmer v. Farmer, 842 So.2d 679, 681 (Ala.Civ.App.2002) (‘The failure to pay the filing or docketing fee is a jurisdictional defect.’).
“Finally, because the identified defect was jurisdictional, it would not appear to be, as Arrington urges, subject to principles of equitable tolling. In any event, Arrington has failed to allege circumstances sufficient to demonstrate that she is entitled to equitable tolling; specifically, as Citiflats notes, Arrington offers no explanation — much less an ‘extraordinary circumstance — either for her failure to seek approval of the hardship statement prior to filing or for waiting until six days before the expiration of the limitations period to file the hardship statement. See Weaver v. Firestone, 155 So.3d 952, 957-58 (Ala.2013) (“ ‘[A] litigant seeking equitable tolling bears the burden of establishing two *1117 elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way” as to the filing of his action. Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).’). See also Ex parte Ward, 46 So.3d 888, 897 (Ala.2007) (holding that ‘equitable tolling is available in extraordinary circumstances that are beyond the petitioner’s control and that are unavoidable even with the exercise of diligence’). Certainly, nothing suggests that any action by or on behalf of Citiflats either caused or contributed to Arrington’s delay.”
Courtyard Citiflats, 191 So.3d at 790-92 (footnotes omitted).
Likewise, in the present case, the payment of the filing fee or the approval of the affidavit of substantial hardship was a jurisdictional prerequisite to the commencement of Scott’s action.[2] The applicable two-year limitations period expired on September 2, 2015. Scott filed her complaint — along with the affidavit of substantial hardship — on August 26, 2015, within the limitations period. However, Scott did not pay the filing fee and her affidavit of substantial hardship was not approved until after the limitations period had expired. Clearly, based on Courtyard Citiflats, Scott failed to commence her action within the two-year limitations period; thus, the circuit court had a duty to dismiss Scott’s complaint as untimely.

Conclusion

Based on the foregoing, we hold that CVS had a clear legal right to have the circuit court dismiss Scott’s complaint as untimely. Ex parte Hodge, 153 So.3d 734 (Ala.2014). Accordingly, we grant the petition and issue the writ directing the circuit court to dismiss Scott’s complaint.
PETITION GRANTED; WRIT ISSUED.
STUART, BOLIN, SHAW, WISE, and BRYAN, JJ., concur.
MURDOCK, J., dissents.

. Section 6-2-38(Z), Ala.Code 1975, provides: "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years.”

. As noted in Courtyard Citiflats, "because the identified defect was jurisdictional, it would not appear to be ... subject to principles of equitable tolling.” 191 So.3d at 792. Scott has made no equitable-tolling argument.