MAIN, Justice.
Sabrina Jackson, as the administratrix of the estate of Tony Lewis, Jr., deceased, filed a verified petition in the Montgomery Circuit Court, pursuant to Rule 27(a), Ala. R. Civ. P., requesting preaction discovery from the City of Montgomery (“the City”) and QCHC, Inc., a/k/a Quality Correctional Health Care (“Quality”) (hereinafter referred to collectively as “the defendants”). The circuit court granted that petition. The defendants have separately petitioned this Court for a writ of mandamus directing the circuit court to vacate its order and to dismiss Jackson’s Rule 27(a) petition. We grant the petitions and issue the writs.

Facts and Procedural History

On March 31, 2015, Jackson, as the ad-ministratrix of Lewis’s estate, filed a verified petition for preaction discovery pursuant to Rule 27(a), Ala. R. Civ. P. That petition stated that Lewis was being held in the Montgomery municipal jail when he died unexpectedly on the night of January 12, 2015, or the early morning hours of January 13, 2015. According to the petition, the City is responsible for the operation of the jail and Quality is a private contractor that provided health-care personnel to attend to the medical needs of the inmates who were incarcerated- in the jail. Jackson’s Rule 27(a) petition alleged:
“Based upon information and affidavits from other inmates who were held in the Montgomery-Municipal Jail at the same time as decedent, the Petitioner believes jail authorities and health care personnel were negligent and deliberately indifferent to the medical needs of Tony Lewis, and thereby denied the decedent Tony Lewis, Jr. treatment needed to save his life, if said treatment had been administered promptly.”
The petition further alleged that the City had “negligently allowed dangerous drugs to be brought into its municipal jail and negligently failed to monitor its inmates carefully enough to make sure such drugs were not used.” The petition also stated that Jackson “believes that '[Lewi's] was given some medication by the health[-]care personnel, which may have caused him to stop breathing,” and that this act “may have amounted to negligent malpractice and/or deliberate indifference to Mr. Lewis’s medical needs.” The petition alleged that Jackson’s “ability to protect Mr. Lewis’s rights may be substantially damaged if [Jackson] is not allowed t'o obtain the information requested in the attached interrogatories and requests for production.” The petition further alleged that “a cause of action or causes of action may exist against [the defendants] and potentially other persons or entities.” According to the petition, allowing preaction discovery “would benefit all parties by allowing the production of relevant and material information, records, and documents, and may disclose the identity of other proper parties to this lawsuit, and would, further serve to prevent a frivolous lawsuit in the event no such claim or claims exist.” Jackson’s requests for production included, among other things, Lewis’s medical records, any documents referencing Lewis, any complaints made against Quality or *554 the City in the last 5 years concerning inmate health care, personnel files of the individuals who had treated Lewis, the name and cause of death for any inmate who has died in the Montgomery municipal jail in the last 10 years, and any video footage recorded in the Montgomery municipal jail on January 11-13, 2015.
On May 6, 2015, Quality responded to Jackson’s petition. Quality argued that Jackson was seeking information that was not allowed under Rule 27, Ala. R. Civ. P., and asked the circuit court to deny Jackson’s petition. Nevertheless, Quality stated that it was willing to voluntarily provide Lewis’s medical records to Jackson on the condition that Jackson agree to a protective order prohibiting the use or disclosure of the medical records except for the purposes of evaluating any claims available to Jackson and of using the medical records in any resulting litigation.
On May 8, 2015, Jackson filed a motion in which she consented to a “reasonable protective order” and invited Quality’s counsel to send such an order to Jackson’s counsel for review. On May 15, 2015, Jackson replied to Quality’s response to her Rule 27 petition. In her reply, Jackson conceded that interrogatories are not allowed under Rule 27. Jackson also stated that she would accept Quality’s offer to voluntarily provide Lewis’s medical records. In addition to those medical records, Jackson continued to seek the production of other documents or recordings related to Lewis.
On August 3, 2015, the circuit court issued an order stating, in pertinent part:
“On June 5, 2015, the Petitioner filed a ‘Motion to Compel City of Montgomery to Answer Verified Rule 27 Pre-Filing Discovery.’ On the same date, the Petitioner also filed an ‘Amended Complaint.’ According to the court record, Respondent-City of Montgomery was not served until June 10, 2015, with the pre-suit discovery Petition and the ‘Amended Complaint.’ On June 24, 2015, the Respondent-City of Montgomery filed its objection to the Petitioner’s motion to compel arguing it was not served until June 10, 2015, and the motion to compel was improperly filed since Ala. R. Civ. Pro. 27(a)(2) requires a Ala. R. Civ. Pro. 27 petition seeking pre-suit discovery be served in compliance with Ala. R. Civ. Pro. 4(c). After service of the petition is perfected, a respondent is afforded at least thirty (30) days to respond to the petition. Ala. R. Civ. Pro. 27(a)(2).
“On July 2, 2015, this Court conducted a hearing on Petitioner’s motion to compel and the City of Montgomery’s response. At the hearing were Petitioner’s counsel; counsel for Respondent-City of Montgomery; and counsel for Respondent-[Quality]. Petitioner’s counsel effectively withdrew his motion to compel. Therefore, Petitioner’s Motion to Compel is DENIED as MOOT. During the hearing, question arose regarding the procedural posture of the case since the Ala. R. Civ. Pro. 27 pre-suit discovery petition has not been disposed of, but the Petitioner has subsequently filed an ‘amended complaint’ despite not filing an original complaint.
“Ala. R. Civ. Pro. 3(a) states: ‘A civil action is commenced by filing a complaint with the court.’ Additionally, Ala. R. Civ. Pro. 7(a) states: ‘There shall be a complaint.’ In Arrington v. Courtyard Citiflats, LLC, 191 So.3d 787 (Ala. 2015), the Alabama Supreme Court noted a ‘civil action is commenced by filing a complaint....’ No rule or present caselaw allows for a Rule 27 pre-suit discovery petition to ‘convert’ into a complaint much less an amended complaint. Therefore, the Petitioner’s ‘Amended Complaint’ is STRICKEN *555 from the record. Once pre-suit discovery is completed, the Petitioner can decide what, if any, causes of action [she] may have against the Respondents. Then, the Petitioner may commence a civil action by following Ala. R. Civ. Pro. 3(a) and 7(a).
“Because Petitioner’s Rule 27 pre-suit discovery petition has not yet been heard by this court, the court gives the Respondents thirty (30) days from the date of this order to respond in accordance with Ala. R. Civ. Pro. 27(a)(2) at which point this court will set a hearing on the petition and the responses to determine if pre-suit discovery will be ordered.
“In conclusion, it is hereby ordered that the ‘Amended Complaint’ improperly filed by the Petitioner is STRICKEN FROM THE RECORD; the Petitioner’s Motion to Compel is DENIED AS MOOT; and the Respondents are given THIRTY (30) DAYS to respond to the pending Rule 27 pre-suit discovery petition.”
(Capitalization in original.)
On September 1,2015, the City responded to Jackson’s preaction-discovery petition. Like Quality, the City argued that Jackson was seeking information that was not allowed under Rule 27, Ala. R. Civ. P., and asked the circuit court to deny Jackson’s petition.
After conducting a hearing, the circuit court on October 13, 2015, issued an order that stated, in pertinent part:
“This Court notes that [Jackson’s] counsel conceded that interrogatories were inappropriate, but under Rule 27 of the Alabama Rules of Civil Procedure, he was entitled to obtain answers to his Requests of Production of Documents from both parties under Rule 34 of the Alabama Rules of Civil Procedure and allowed to take depositions pursuant to Rule 27 under Rule 35.
“This court heard arguments from both counsel who referred to the recent Alabama Supreme Court opinion of Ex parte Ferrari, 171 So.3d 631 (Ala.2015), and this Court having considered the same as well as arguments from counsel, it is hereby ORDERED, ADJUDGED, AND DECREED that both the Defendants City of Montgomery and [Quality] will produce documents requested by [Jackson] in her original verified petition filed on March 31, 2015, with Request for Production of Documents attached; and it is further hereby ORDERED that the Defendant [Quality] will make available two nurses for depositions, identified in a January 12, 2015, written statement as being Nurse McDaniel and Nurse C. Davis for the purposes of perpetuating their testimony concerning events that occurred on the night of January 12-13, 2015, when inmate Tony Lewis, Jr., died in the city jail; it is also ORDERED that the City of Montgomery make available any key witnesses, whom [Jackson] designates as necessary to perpetuate their testimony concerning events that occurred on the night of January 12-13, 2015, when inmate Tony Lewis, Jr., died in the city jail.”
(Capitalization in original.)
On November 10, 2015, the City filed a “motion to amend or vacate, or in the alternative, motion for protective order.” On December 3, 2015, Quality joined that motion. In the motion, the defendants argued that Jackson had failed to meet the requirements of Rule 27(a), Ala. R. Civ. P., because, they said, she failed to establish that she is presently unable to bring a cause of action and she failed to demonstrate that preaction discovery is necessary to prevent a failure or delay of justice. The motion further argued that Jackson’s discovery requests are overly broad and outside the scope of Rule 27. The motion requested, as an alternative to *556 amending or vacating the October 13,2015, order, that the circuit court enter a protective order disallowing certain requests for production and ordering Jackson to submit the names of proposed deponents to the court for approval before moving forward with the depositions.
On December 8, 2015, Jackson’s counsel responded to the defendants’ motion. Among other things, Jackson’s counsel stated:
“The respondent argues that I cannot show, under Rule 27, why I could not bring a regular civil lawsuit for which ordinary discovery is available. While it may be true that I could bring such a lawsuit, I believe that the good faith discovery purposes of Rule 27 are to protect me and my client from later sanctions for bringing an unwarranted suit. It is true that I once attempted to convert my Rule 27 petition into an Amended Complaint, but your Honor should remember that, my attempt was strongly opposed by defense counsel, at an earlier hearing, and you denied that attempt.
“The respondent argues that I cannot show why pre-action discovery is necessary to prevent a failure of justice. Again, it should be obvious, for reasons already stated, including that we want to preserve testimony from two witnesses, who were eyewitnesses to Mr. Lewis dying on that fateful evening of January 12, 2015, and/or the early morning hours thereafter of January 13. In further response as to why such depositions are needed, I attach copies of affidavits of eyewitnesses, Kennedy Norman and Melvin Cook, and statements from Rodney Meriwether and Sabrina Jackson, as to why this evidence is needed.
“I am also responding to the arguments made from the bottom of page 3 through the bottom of page 6 in the Respondent’s ‘Motion to Amend or Vacate or in the Alternative, Motion for Protective Order’,.,. As to No. 1 of Plaintiffs Requests for Production of Documents, the City argues that it is required to maintain records under § 41-13-23, Code of Alabama [1975]. Yet, the City has failed to produce these records, and therefore should not claim Rule 27 limitations as a reason for non-production. The answer is the same for the City’s response on the second request. This is not a carte blanche fishing expedition, but rather an attempt to confirm that [Jackson] has enough of a case to file a regular lawsuit.
“The same argument and rationale is true as to all the other numbered requests, namely that the respondents contend [Jackson] is on a fishing expedition. Yet Rule 27, if it exists for any legitimate purpose, is to allow for discovery and the items requested by [Jackson].”
On December 18, 2015, the circuit court adopted as the order of the court a proposed order submitted by Jackson with her response to the defendants’ motion. That order stated:
“This Court has received briefs and arguments from both parties in the above-captioned action, and after having reviewed it and studied the same, this Court is of the opinion that its original order dated October 13, 2015 ..., was the valid and appropriate order, given the facts and circumstances of this case and further given the Alabama Supreme Court authority of Ex parte Ferrari, 171 So.3d 631 (Ala.2015).
“It is therefore ORDERED, ADJUDGED, AND DECREED that the respondent’s Motion to Amend or Vacate, or in the Alternative, Motion For Protective Order ..., is hereby DENIED and that the Defendants City of Montgomery and [Quality] will produce *557 documents requested by [Jackson] in her original verified petition filed on March 31, 2015, with Request for Production of Documents attached; and it is further hereby ORDERED that the Defendant [Quality] will make available two nurses for depositions, identified in a January 12, 2015, written statement as being Nurse McDaniel and Nurse C. Davis for the purposes of perpetuating their testimony concerning events that occurred on the night of January 12-13, 2015, when inmate Tony Lewis, Jr., died in the city jail; it is also ORDERED that the City of Montgomery make available any key witnesses, whom [Jackson] designates as necessary to perpetuate their testimony concerning events that occurred on the night of January 12-13, 2015, when inmate Tony Lewis, Jr., died in the city jail.”
(Capitalization in original.)
The City filed its petition for a writ of mandamus with this Court on January 29, 2016; Quality filed its petition for a writ of mandamus on February 3, 2016.

Standard of Review

“[T]he proper avenue for seeking review of a trial court’s disposition of a Rule 27(a) petition for preaction discovery is by way of petition for a writ of mandamus...." Ex parte Ferrari, 171 So.3d 631, 638 (Ala.2015).
“ ‘ “ ‘A writ of mandamus is an extraordinary remedy that requires a showing of (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.’ ”
“ ‘Ex parte Bruner, 749 So.2d 437, 439 (Ala.1999) (quoting Ex parte McNaughton, 728 So.2d 592, 594 (Ala.1998)).’”
Ferrari, 171 So.3d at 639 (quoting Ex parte Norfolk Southern Ry., 816 So.2d 469, 471 (Ala.2001)).

Discussion

As an initial matter, this Court must address the timeliness of Quality’s mandamus petition. Rule 21(a)(3), Ala. R.App. P., provides:
“The petition shall be filed within a reasonable time. The presumptively reasonable time for filing a petition seeking review of an order of a trial court or of a lower appellate court shall be the same as the time for taking an appeal. If a petition is filed outside this presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time.”
Under Rule 4, Ala. R.App. P., the time for taking an appeal from a final judgment in a civil case is 42 days. In the present case, the circuit court issued its final order on December 18, 2015; thus the 42-day period ended on January 29, 2016, the day the City filed its mandamus petition. Therefore, Quality’s petition, which was filed on February 3, 2016, was not filed within the presumptively reasonable time. However, Quality’s petition includes a statement of circumstances constituting good cause for this Court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time. According to the Committee Comments to Amendments to Rule 21(a) and 21(a)(4) Effective September 1, 2000:
“To determine whether the circumstances warrant the appellate court’s accepting a petition filed beyond the presumptively reasonable time established in this rule, the court should weigh factors such as the prejudice to the peti *558 tioner of the court’s not accepting the petition and the prejudice to the opposing party of the court’s accepting it; the impact on the timely administration of justice in the trial court; and whether the appellate court has pending before it other proceedings relating to the same action, and as to which the jurisdiction of the appellate court is unchallenged.”
In Quality’s statement of circumstances constituting good cause, Quality correctly contends that the City’s timely petition is properly before this Court and that the petitions concern the same subject matter; that the denial of Quality’s petition would result in prejudice to it and to the City because, Quality asserts, the denial of its petition would allow Jackson to improperly obtain evidence that would affect both Quality and the City; and that it does not appear that Jackson will suffer any prejudice if this Court accepts Quality’s petition. Concerning the latter factor, we note that Quality’s petition was filed only three business days after the City’s petition was filed and that Quality’s petition concerns the same subject matter as the City’s petition. Further, Jackson can attempt to discover the same evidence by simply filing an actual lawsuit. Finally, as Quality correctly asserts, accepting Quality’s petition will not impact the timely administration of justice in the circuit court because the City’s timely petition is currently pending before this Court and involves the same order issued by the circuit court. Therefore, we find that the present circumstances warrant accepting Quality’s petition; thus, we will consider it, notwithstanding that it was filed beyond the presumptively reasonable time.
As a ground for issuing the writ directing the circuit court to vacate its order and to dismiss Jackson’s Rule 27(a) petition, the City and Quality argue that Jackson failed to demonstrate that she was entitled to preaction discovery under Rule 27(a). Specifically, the defendants argue that Jackson did not show that she is presently unable to bring an action or to cause it to be brought. Further, the defendants argue that Jackson did not demonstrate that her petition was based on any purpose proper under Rule 27(a), such as preserving testimony or documentation.
Rule 27(a), Ala. R. Civ. P., provides, in pertinent part:
“(1) Petition. A person who desires to perpetuate that person’s own testimony or that of another person or to obtain discovery under Rule 34 or Rule 35 regarding any matter that may be cognizable in any court of this state may file a verified petition in the circuit court in the county of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show: (1) that the petitioner expects to be a party to an action cognizable in a court of this state but is presently unable to bring it or cause it to be brought, (2) the subject matter of the expected action and the petitioner’s interest therein, (3) the facts which the petitioner desires to establish by the proposed testimony and the petitioner’s reasons for desiring to perpetuate it, (4) the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known, and (5) the names and addresses of the persons to be examined and the substance of the testimony which the petitioner expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony or to seek discovery under Rule 34 or Rule 35 from the persons named in the petition.
[[Image here]]
*559 “(3) Order and Examination. If the court is satisfied that the perpetuation of the testimony or other discovery may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written questions; or shall make an order designating or describing the persons from whom discovery may be sought under Rule 34 and specifying the objects of such discovery; or shall make an order for a physical or mental examination as provided in Rule 35(a). Discovery may then be taken in accordance with these rules. For the purpose of applying these rules to discovery before action, each reference therein to the court in which the action is pending shall be deemed to refer to the court in which the petition for such discovery was filed.”
In Ferrari, this Court “reject[ed] the notion that ‘clear language’ in Rule 27(a) dictates that discovery under Rule 34[, Ala. R. Civ. P.] (and of necessity Rule 35[, Ala. R. Civ. P.], which in all instances in Rule 27 is referenced in companionship with Rule 34)[,] may be obtained for reasons other than perpetuation of evidence.” 171 So.3d at 647. Under Ferrari, the preservation of evidence is the only proper purpose for preaction discovery under Rule 27. In Ferrari, this Court specifically considered and then rejected the idea that preaetion discovery under Rule 27 could be used to determine whether a cause of action exists. 171 So.3d at 649-52. Furthermore, concerning the argument that preaction discovery might be needed to determine whether there is a reasonable basis for filing an action, this Court stated:
“[W]e see nothing in Rule 11[, Ala. R. Civ. P.,] or the Alabama Litigation Accountability Act[, Ala. Code 1975, § 12-19-270 et seq.,] that compels a reading of Rule 27 that is contrary to the language of the rule, to the explicit Committee Comments, to the history of both the rule and its Committee Comments, and to the other considerations reviewed above, including the uniformly accepted approach in other jurisdictions to language like that at issue here.20
“20 Rule 11, Ala. R. Civ. P., provides only that an attorney’s signature on a complaint constitutes a certificate that the attorney has read the complaint and ‘that to the best of the attorney’s knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay.’ The Alabama Litigation Accountability Act provides for sanctions against attorneys who file actions that are ‘frivolous, groundless in fact or in law, or vexatious, or interposed for any improper purpose.’ See Ala.Code 1975, §§ 12-19-271 and -272.”
Ferrari, 171 So.3d at 652.
In the present case, allowing Jackson to conduct preaction discovery under Rule 27(a) is improper because Jackson has not shown that she is presently unable to bring an action or cause an action to be brought, as required by Rule 27(a). In fact, Jackson actually attempted to convert her petition into an action when she filed her “amended complaint,” and, in one of her filings in the circuit court, Jackson conceded that “it may be true that I could bring such a lawsuit.”
Furthermore, concerning Jackson’s purpose for attempting to obtain preaction discovery, Jackson’s counsel stated: “I believe that the good faith discovery purposes of Rule 27 are to protect me and my client from later sanctions for bringing an unwarranted suit.” Further, Jackson stated that allowing preaction discovery “would benefit all parties by allowing the *560 production of relevant and material information, records, and documents, and may disclose the identity of other proper parties to this lawsuit, and would further serve to prevent a frivolous lawsuit in the event no such claim or claims exist.” Finally, Jackson specifically stated that her Rule 27(a) petition is “an attempt to confirm that [Jackson] has enough of a case to file a regular lawsuit.” However, as this Court held in Ferrari, determining whether an action would be potentially meritorious is not a proper ground for preaction discovery under Rule 27(a). There is no indication in the present case that witness testimony or documentation is at significant risk of being lost or destroyed and needs to be preserved before a complaint can be filed.
Rule 27(a), Ala. R. Civ. P., explicitly requires a petitioner to show that he or she is presently unable to bring an action or to cause an action to be brought. Furthermore, Rule 27(a) limits preaction discovery to the purpose of preserving evidence. Rule 27(a) does not allow preaction discovery for any other purpose, including evaluating a claim or claims. Therefore, because Jackson has not established that she is presently unable to bring an action or that preaction discovery is necessary to preserve evidence in the present case, the defendants have a clear legal right to have Jackson’s Rule 27(a) petition dismissed.[1]

Conclusion

Based on the foregoing, we grant the petitions and issue the writs directing the circuit court to vacate its order and to dismiss Jackson’s Rule 27(a), Ala. R. Civ. P., petition.
1150439—PETITION GRANTED; WRIT ISSUED.
1150452—PETITION GRANTED; WRIT ISSUED.
STUART, BOLIN, MURDOCK, and BRYAN, JJ., concur.

. We note that the defendants also argue that the discovery Jackson requested is overly broad and seeks material that is protected from disclosure. However, because we direct the circuit court to dismiss Jackson's Rule 27(a) preaction-discovery petition, we need not address this issue.